IN THE SUPREME COURT OF NORTH CAROLINA

No. 152A19

Filed 1 November 2019

IN THE MATTER OF: Z.O.M., K.A.M.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 24 January 2019 by Judge J.H. Corpening, II, in District Court, New Hanover County. This matter was calendared in the Supreme Court on 4 October 2019 but was determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Jennifer G. Cooke for petitioner-appellee New Hanover County Department of Social Services.*

*Nelson Mullins Riley & Scarborough, LLP, by Chelsea K. Barnes, for appellee Guardian ad Litem.*

*Rebekah W. Davis for respondent-appellant mother.*

NEWBY, Justice.

Respondent, the mother of minor children Z.O.M. (Zeke) and K.A.M. (Kari),[1] appeals from the trial court's 24 January 2019 order terminating her parental rights. Respondent's counsel has filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude that the issues raised by counsel

---

[1] Pseudonyms are used to protect the identity of the juveniles and for ease of reading.

in respondent's brief are meritless and therefore affirm the trial court's order.

On 9 October 2017, New Hanover County Department of Social Services (DSS) filed a petition alleging that Zeke and Kari were neglected juveniles. In support of this allegation, DSS explained that respondent had a history of substance abuse and had overdosed on heroin a few days earlier and that the father had assaulted respondent with a baseball bat and tested positive for several illegal drugs. The trial court entered an order adjudicating Zeke and Kari as neglected juveniles on 7 December 2017.

On 24 October 2018, the trial court entered a permanency planning order that established a permanent plan of adoption with a concurrent plan of reunification. The court ordered DSS to file a termination of parental rights petition within sixty days. On 30 October 2018, DSS filed the petition, which sought to terminate respondent's parental rights to Zeke and Kari on the grounds of neglect and willful failure to make reasonable progress to correct the conditions that led to the children's removal. *See* N.C.G.S. § 7B-1111(a)(1), (2) (2017). A termination of parental rights hearing was held on 7 January 2019, and the trial court entered an order on 24 January 2019 terminating respondent's parental rights based on both grounds alleged in DSS's termination petition. Respondent appealed.[2]

---

[2] Zeke and Kari's father did not appeal the trial court's order and is not a party to this appeal.

Counsel has filed a no-merit brief on respondent's behalf under Rule 3.1(e) of the Rules of Appellate Procedure. In this twenty-five page brief, counsel for respondent identified two issues that could arguably support an appeal but also stated why she believed both of these issues lacked merit. Counsel has advised respondent of her right to file *pro se* written arguments on her own behalf and provided her with the documents necessary to do so. Respondent has not submitted any written arguments to this Court.

We independently review issues identified by respondent's counsel in a no-merit brief filed under Rule 3.1(e). *In re L.E.M.*, 831 S.E.2d 341, 345 (N.C. 2019). We have carefully reviewed the issues identified in the no-merit brief in light of the entire record. We are satisfied that the trial court's 24 January 2019 order was supported by clear, cogent, and convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent's parental rights.

AFFIRMED.