IN THE SUPREME COURT OF NORTH CAROLINA

No.151A19

Filed 1 November 2019

IN THE MATTER OF: T.H.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 12 February 2019 by Judge Joseph Moody Buckner in District Court, Orange County. This matter was calendared in the Supreme Court on 4 October 2019 but was determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

> *Stephenson & Fleming, LLP, by Deana K. Fleming for petitioner-appellee Orange County Department of Social Services.*
>
> *Schell Bray PLLC, by Christina Freeman Pearsall, for appellee Guardian ad Litem.*
>
> *Wendy C. Sotolongo, Parent Defender, by Annick Lenoir-Peek, Deputy Parent Defender, for respondent-appellant mother.*

HUDSON, Justice.

Respondent, the mother of the minor child T.H. (Tommy),[1] appeals from the trial court's 12 February 2019 order terminating her parental rights. Respondent's counsel has filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude that the issues raised by counsel in respondent's brief are meritless and affirm the trial court's order.

---

[1] A pseudonym is used to protect the identity of the juvenile and for ease of reading.

On 8 February 2018, the Orange County Department of Social Services (DSS) filed a petition alleging that one-month-old Tommy was a neglected juvenile. DSS had received a child protective services referral after Tommy tested positive for marijuana at birth. Respondent was also on probation after entering an *Alford* plea to felony negligent child abuse – for serious physical injuries sustained by her first child,[2] who was Tommy's brother. On 19 April 2018, DSS filed an amended petition alleging that Tommy was neglected and dependent. The amended petition changed the identification of Tommy's father[3] and added allegations that, shortly after the filing of the first petition, respondent entered into a consent order with DSS that was intended to ensure Tommy's safety and then violated that order.

The trial court entered an order adjudicating Tommy as a neglected and dependent juvenile on 16 July 2018. The trial court also relieved DSS of its obligation to engage in reunification efforts. On 11 October 2018, DSS filed a motion in the cause to terminate respondent's parental rights to Tommy on the grounds of neglect, dependency, and committing a felony assault that resulted in serious bodily injury to another child of the parent. *See* N.C.G.S. § 7B-1111(a)(1), (6), (8) (2017). A termination of parental rights hearing was held on 17 January 2019, and on 12 February 2019 the trial court entered an order terminating respondent's parental rights on the grounds of neglect and committing a felony assault that resulted in

---

[2] Respondent relinquished her rights to this child.
[3] Tommy's father relinquished his parental rights and is not a party to this appeal.

serious bodily injury to another child of the parent. Respondent gave timely notice of appeal to this Court pursuant to N.C.G.S. §§ 7A-27(a)(5) and 7B-1001(a1)(1).

Counsel for respondent has filed a no-merit brief on her behalf pursuant to N.C.R. App. P. 3.1(e). Counsel has advised respondent of her right to file *pro se* written arguments on her own behalf and provided her with the documents necessary to do so. Respondent has not submitted any written arguments to this Court.

We independently review issues identified by respondent's counsel in a no-merit brief filed pursuant to appellate rule 3.1(e). *In re L.E.M.*, 831 S.E.2d 341, 345 (N.C. 2019). Respondent's attorney filed a twenty-five-page brief in which she identified two issues that could arguably support an appeal but also stated why she believed both of these issues lacked merit. Having carefully considered the issues identified in the no-merit brief in light of the entire record, we conclude that the trial court's 12 February 2019 order was based on "clear, cogent, and convincing evidence" supporting statutory grounds for termination of parental rights. *See* N.C.G.S. § 7B-1109(f). Accordingly, we affirm the trial court's order terminating respondent's parental rights.

AFFIRMED.