IN THE SUPREME COURT OF NORTH CAROLINA

No. 402A19

Filed 17 July 2020

IN THE MATTER OF: R.A.B.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review orders entered on 11 July 2019 by Judge Regina M. Joe in District Court, Moore County. This matter was calendared for argument in the Supreme Court on 19 June 2020 but was determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Jerry D. Rhoades, Jr. for petitioner-appellees.*

*Edward Eldred for respondent-appellant father.*

NEWBY, Justice.

Respondent-father appeals from the trial court's 11 July 2019 adjudication and disposition orders terminating his parental rights to the minor child R.A.B. (Rose).[1] Counsel for respondent-father has filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the issue identified by counsel in respondent-father's brief as arguably supporting the appeal is meritless and therefore affirm the trial court's orders.

---

[1] A pseudonym is used to protect the identity of the juvenile and for ease of reading.

On 3 February 2014, a Catawba County grand jury indicted respondent-father based on criminal conduct against Rose, including one count of first-degree rape of a child, four counts of taking indecent liberties with a child, and three counts of first-degree sexual offense with a child. Rose's mother was charged with taking indecent liberties with a child. DSS had already filed a juvenile petition, and on 10 March 2014, Rose was adjudicated an abused and neglected juvenile. DSS received custody of Rose. On 20 October 2014, the trial court entered an order ceasing reunification efforts with both parents and setting the permanent plan for Rose as adoption. On 4 December 2014, DSS placed Rose with petitioners. On 18 December 2015, petitioners were granted guardianship of Rose with the parents' consent.

On 24 February 2017, respondent-father was convicted by a jury of first-degree rape of a child, four counts of taking indecent liberties with a child, and three counts of first-degree sexual offense with a child. Respondent-father appealed to the North Carolina Court of Appeals, and the Court of Appeals found no error in defendant's conviction for rape but reversed defendant's remaining convictions and remanded for resentencing. *State v. Blankenship*, 259 N.C. App. 102, 814 S.E.2d 901 (2018), *disc. review denied*, 372 N.C. 295, 827 S.E.2d 98 (2019).

On 2 October 2018, petitioners filed a petition to terminate respondent-father's parental rights. Rose's mother had previously relinquished her parental rights and consented to adoption and thus was not named as a party. Petitioners alleged that respondent-father had raped and sexually assaulted Rose and that grounds existed

to terminate his parental rights for abuse and/or neglect. *See* N.C.G.S. § 7B-1111(a)(1) (2019). Following a hearing held on 16 May 2019, the trial court entered orders on 11 July 2019 terminating respondent-father's parental rights.

On 31 July 2019, respondent-father gave timely notice of appeal pursuant to N.C.G.S. §§ 7A-27(a)(5) and 7B-1001(a1)(1), but improperly designated the Court of Appeals as the court to which appeal was being taken. On 19 November 2019, respondent-father filed a petition for writ of certiorari seeking review of the trial court's orders. On 19 December 2019, petitioners moved to dismiss respondent-father's appeal. On 20 December 2019, we granted respondent-father's petition for writ of certiorari and denied petitioners' motion to dismiss the appeal.

Counsel for respondent-father has filed a no-merit brief on his client's behalf under Rule 3.1(e) of the Rules of Appellate Procedure. In his brief, counsel identified one issue that could arguably support an appeal, but also stated why he believed the issue lacked merit. Counsel has advised respondent-father of his right to file *pro se* written arguments on his own behalf and provided him with the documents necessary to do so. Respondent-father has not submitted written arguments to this Court.

We carefully and independently review issues identified by counsel in a no-merit brief filed pursuant to Rule 3.1(e) in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting this review, we are satisfied the trial court's 11 July 2019 orders are supported by clear, cogent, and

convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's orders terminating respondent-father's parental rights.

AFFIRMED.