IN THE SUPREME COURT OF NORTH CAROLINA

No. 39A20

Filed 20 November 2020

IN THE MATTER OF: X.P.W., B.W.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 11 October 2019 by Judge Elizabeth T. Trosch in District Court, Mecklenburg County. This matter was calendared in the Supreme Court on 7 October 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

> *No brief for petitioner-appellee Mecklenburg County Department of Social Services, Youth and Family Services Division.*
>
> *Kelsey L. Kingsbery and Michelle C. Prendergast, for appellee Guardian ad Litem.*
>
> *Jeffrey L. Miller for respondent-appellant father.*

HUDSON, Justice.

Respondent-father appeals from the trial court's 11 October 2019 order terminating his parental rights to his minor children X.P.W. and B.W. ("Zeb" and "Ann").[1] Counsel for respondent-father has filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the issues

---

[1] Pseudonyms are used to protect the identity of the juveniles and for ease of reading.

identified by counsel in respondent-father's brief are meritless and therefore affirm the trial court's order.

On 14 March 2018, the Mecklenburg County Department of Social Services, Youth and Family Services Division (YFS) became involved with respondent-father's family when Zeb tested positive for opiates at birth. After additional testing was performed on Zeb, he also tested positive for Fentanyl, codeine, and morphine. The mother subsequently admitted to YFS that she used non-prescribed oxycodone and Xanax, and had also used Percocet shortly before Zeb's birth. YFS requested that both respondent-father and the mother obtain a substance abuse assessment.

On 24 March 2018, the mother was found unresponsive by respondent-father on the floor of their hotel room after she suffered an overdose. Emergency responders revived the mother using Narcan, and she was taken to the hospital. Ann and several older siblings not party to this appeal were present in the hotel room when the mother overdosed. The mother told YFS that she took too much oxycodone, although hospital records reflect that she informed hospital staff that she had used heroin. On 26 March 2018, Ann was temporarily placed with the father of her older siblings.

On 4 April 2018, YFS filed a petition alleging that Zeb and Ann were neglected and dependent juveniles. YFS recounted how it became involved with the family and claimed the mother had a history of substance abuse. YFS stated that Ann had previously tested positive for opiates at her birth, that the mother had overdosed in August 2017 and had to be revived with six doses of Narcan, and that the mother also

tested positive for opiates on 18 January 2018 while on probation. YFS also claimed that respondent-father was on probation and had a history of drug-related offenses. YFS noted that both respondent-father and the mother were supposed to obtain substance abuse assessments following Ann's birth. Respondent-father went to obtain an assessment on 3 April 2018, but YFS had not received the results as of the filing of the petition. The mother had received an assessment on 29 March 2018 but did not attend recommended detox. DSS asserted, however, that neither respondent-father or the mother had presented relatives or other individuals who could provide care for the juveniles. Accordingly, DSS obtained non-secure custody and placed the juveniles in foster care.

Following a hearing held on 23 May 2018, and in accordance with a mediated case plan agreement, the trial court entered an order on 29 June 2018 in which it adjudicated Zeb and Ann neglected juveniles. The trial court ordered respondent-father and the mother to comply with a case plan that included substance abuse treatment, random drugs screens, and maintaining sobriety. The trial court further ordered that the primary permanent plan for the juveniles be reunification with a secondary plan of adoption.

The trial court held review hearings on 3 August 2018 and 24 October 2018. In orders entered from those hearings on 21 August 2018 and 19 November 2018, respectively, the trial court found that respondent-father and the mother had "engaged in a pattern of excuses" and had not complied with their case plans. The

trial court noted that both respondent-father and the mother had positive drug screens, failed to engage in recommended substance abuse treatment, and were inconsistent with visitation. Nevertheless, the trial court ordered that reunification remain part of the permanent plan for the juveniles.

Following a permanency planning review hearing held on 14 January 2019, the trial court entered an order on 4 February 2019 in which it found that respondent-father and the mother were not actively participating in their case plans and were not cooperating with YFS or the guardian ad litem. The trial court also noted that neither respondent-father nor the mother had seen the juveniles since 28 September 2018 and that when they had attended visitation they appeared to be under the influence of substances. Both parents tested positive for drugs on 21 August 2018. Additionally, the trial court found that YFS last had contact with the mother on 14 September 2018, and respondent-father last had contact with YFS on 24 October 2018. Accordingly, the trial court suspended reunification efforts, changed the primary permanent plan for the juveniles to adoption, and changed the secondary permanent plan to guardianship. The trial court also concluded that termination of respondent-father's and the mother's parental rights were in the juveniles' best interests.

On 1 April 2019, YFS filed a petition to terminate respondent-father's and the mother's parental rights on the grounds of neglect, dependency, and abandonment. *See* N.C.G.S. § 7B-1111(a)(1), (6)–(7) (2019). On 6 June 2019, respondent-father filed

an answer denying the material allegations in the petition. The mother passed away due to Fentanyl and cocaine toxicity on 14 June 2019. Following hearings held in August and September 2019, the trial court entered an order on 11 October 2019 in which it determined grounds existed to terminate respondent-father's parental rights due to neglect and abandonment. *See* N.C.G.S. § 7B-1111(a)(1), (7). The trial court further concluded it was in Zeb's and Ann's best interests that respondent-father's parental rights be terminated. Accordingly, the trial court terminated respondent-father's parental rights. Respondent-father appeals.

Counsel for respondent-father has filed a no-merit brief on his client's behalf under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. Counsel has advised respondent-father of his right to file *pro se* written arguments on his own behalf and provided him with the documents necessary to do so. Respondent-father has not submitted written arguments to this Court.

We independently review issues identified by counsel in a no-merit brief filed pursuant to Rule 3.1(e). *In re L.E.M.*, 372 N.C. 396, 402 (2019). Respondent-father's counsel identified three issues that could arguably support an appeal, but he also explained why these issues lacked merit. Based upon our careful review of the issues identified in the no-merit brief and in light of our consideration of the entire record and applicable law, we are satisfied that the trial court's 11 October 2019 order is supported by clear, cogent, and convincing evidence and based on proper legal

grounds. Accordingly, we affirm the trial court's order terminating respondent-father's parental rights.

AFFIRMED.