IN THE SUPREME COURT OF NORTH CAROLINA

No. 231A20

Filed 11 December 2020

IN THE MATTER OF: S.D.H. and S.J.J.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from orders entered on 12 December 2019 by Judge Mary F. Covington in District Court, Davidson County. This matter was calendared for argument in the Supreme Court on 23 November 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Danielle De Angelis for petitioner-appellee Davidson County Department of Social Services.*

*Eric H. Cottrell for appellee Guardian ad Litem.*

*Mary McCullers Reece for respondent-appellant father.*

NEWBY, Justice.

Respondent-father appeals from the trial court's orders terminating his parental rights to the minor children S.D.H. (Sam), born in August 2011, and S.J.J. (Shannon), born in October 2014.[1] Although the orders also terminated the parental rights of the children's mother (respondent-mother), she is not a party to this appeal. Counsel for respondent-father has filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the issues identified by counsel

---

[1] Pseudonyms are used to protect the identity of the juveniles and for ease of reading.

as arguably supporting the appeal are meritless and therefore affirm the trial court's orders.

Davidson County Department of Social Services (DSS) obtained nonsecure custody of Sam and Shannon on 4 May 2017 and filed juvenile petitions the same day alleging they were neglected and dependent. The petitions stated the children were exposed to respondents' substance abuse in the home, including an incident in March 2017 when a friend of respondent-father overdosed in the residence while respondent-father was using Xanax and a second occasion on 8 April 2017 when police responded to the residence and found "a needle with heroin in it behind a teddy bear." Respondent-father subsequently tested positive for amphetamines, marijuana, and methamphetamine, and respondent-mother tested positive for these substances as well as codeine, morphine, and opiates.

The petitions further alleged that Sam had numerous unexcused absences from school "due to the family instability, homelessness, and the parents' drug use," and that respondents both had pending criminal charges. At the time the petitions were filed, respondent-mother had not had contact with DSS since signing her In-Home Services Agreement (IHSA) on 21 April 2017. Respondent-father had failed to attend scheduled appointments with the social worker or enter into an IHSA.

After a hearing on 7 June 2017, the trial court adjudicated Sam and Shannon as neglected and dependent on 1 August 2017. At the time of the dispositional hearing on 28 June 2017, respondents were both incarcerated and had more charges pending.

In its initial disposition entered on 19 September 2017, the trial court maintained the children in DSS custody and ordered respondents to obtain a substance abuse assessment and comply with all treatment recommendations; submit to random drug screens and remain drug free; obtain and maintain housing and income suitable for the children; and cooperate with DSS to establish and pay child support in accordance with state guidelines.

On 29 November 2017, the trial court established reunification as the primary permanent plan for Sam and Shannon with a secondary plan of guardianship. At the next permanency planning hearing, however, the trial court relieved DSS of further reunification efforts toward respondent-mother and changed the children's permanent plan to reunification with respondent-father with a secondary plan of termination of parental rights and adoption. DSS and the trial court continued to work with respondent-father to achieve reunification until the permanency planning hearing held on 27 February 2019. Citing respondent-father's minimal progress on his case plan and his recent positive drug screens for opiates, heroin, and amphetamines, the trial court entered an order on 2 April 2019, relieving DSS of reunification efforts and changing the primary permanent plan to termination of parental rights and adoption with a secondary plan of guardianship.

DSS filed petitions to terminate respondents' parental rights in Sam and Shannon on 23 May 2019. The trial court heard the petitions on 14 November 2019 and entered orders terminating respondents' parental rights on 12 December 2019.

As to each respondent, the trial court concluded DSS had established four statutory grounds for termination: (1) neglect; (2) willful failure to make reasonable progress to correct the conditions which led to the children's removal from the home; (3) willful failure to pay a reasonable portion of the children's cost of care; and (4) dependency. N.C.G.S. § 7B-1111(a)(1)–(3), (6) (2019). The court further concluded it was in the children's best interests that respondents' parental rights be terminated. N.C.G.S. § 7B-1110(a) (2019). Respondent-father appealed from the termination orders.

Counsel for respondent-father has filed a no-merit brief on her client's behalf under Rule 3.1(e) of the Rules of Appellate Procedure. Counsel identified three issues that could arguably support an appeal but also explained why she believed these issues lacked merit. Counsel has advised respondent-father of his right to file pro se written arguments on his own behalf and provided him with the documents necessary to do so. Respondent-father has not submitted written arguments to this Court.

We carefully and independently review issues identified by counsel in a no-merit brief filed under Rule 3.1(e) in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting this review, we are satisfied the trial court's 12 December 2019 orders are supported by clear, cogent, and convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's orders terminating respondent-father's parental rights.

AFFIRMED.