IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-4

No. 80A20

Filed 5 February 2021

IN THE MATTER OF: S.F.D.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 25 November 2019 by Judge Ward D. Scott in District Court, Buncombe County. This matter was calendared for argument in the Supreme Court on 6 January 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

> *No brief filed for petitioner-appellee Buncombe County Department of Social Services.*
>
> *Michael N. Tousey for appellee Guardian ad Litem.*
>
> *Wendy C. Sotolongo, Parent Defender, by J. Lee Gilliam, Assistant Parent Defender, for respondent-appellant father.*

BARRINGER, Justice.

¶ 1 Respondent-father of the minor child S.F.D. appeals from the trial court's 25 November 2019 order terminating the parental rights of respondent-father to S.F.D. (Sophia).[1] Counsel for respondent-father has filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the issues identified by counsel in respondent-father's appeal are meritless. Accordingly, we

---

[1] The pseudonym "Sophia" is used throughout this opinion to protect the identity of the juvenile and for ease of reading.

affirm the trial court's order.

In January 2016, the Buncombe County Department of Social Services (DSS) received a report of a domestic violence incident between Sophia's mother (mother), and the putative father of one of Sophia's half-siblings. The family was found in need of services, and the mother entered into a Family Services Agreement. Sophia was in the care of respondent-father at that time but returned to her mother's care in May 2016, following respondent-father's incarceration.

On 8 August 2016, DSS received a report of a domestic violence incident between the mother and her girlfriend. The mother entered into a safety plan that required her girlfriend to have no contact with the minor children. On 23 August 2016, DSS received another report of a domestic violence incident between the mother and her girlfriend. The mother admitted that her oldest child and Sophia witnessed the argument and subsequently saw the mother sustain injuries.

On 25 August 2016, DSS received a third report of domestic violence between the mother and her girlfriend. The mother admitted Sophia was in the home when her girlfriend hit her and made threats against her life. The mother also admitted to violating the safety plan. DSS immediately requested an emergency Child and Family Team Meeting, and the mother agreed to place her minor children in safety resource placements. Sophia was placed with the maternal grandmother. Respondent-father was in jail on pending charges of first-degree murder, attempted

first-degree murder, intentional child abuse causing serious bodily injury, and murder of an unborn child for allegedly shooting his pregnant girlfriend and her toddler.

¶ 5       DSS filed a juvenile petition on 27 September 2016, alleging Sophia to be a neglected juvenile. At the adjudication hearing on 15 February 2017, the mother and respondent-father stipulated that the allegations in the juvenile petition were true and correct and that, based on that stipulation, the trial court could conclude as a matter of law that Sophia was a neglected juvenile. The trial court adjudicated Sophia to be a neglected juvenile and placed Sophia into the custody of DSS, with continued placement with Sophia's maternal grandmother. The trial court adopted DSS's recommendations that respondent-father complete a Comprehensive Clinical Assessment (CCA) and engage in mental health group therapy at the Buncombe County Detention Center but did not adopt DSS's recommendation to continue visitation and ordered no contact between respondent-father and Sophia.

¶ 6       At the permanency-planning hearing on 29 March 2017, the trial court ordered that the permanent plan be a primary plan of reunification and a secondary plan of guardianship or custody with a relative or approved custodian. The trial court changed the secondary plan to adoption and left the primary plan as reunification at the 21 September 2017 permanency-planning hearing. At the 7 November 2018 permanency-planning hearing, the trial court changed the permanent plan to a

primary plan of adoption and secondary plans of guardianship and reunification.

¶ 7        On 9 January 2019, DSS filed a petition to terminate respondent-father's parental rights on the grounds of neglect, willfully leaving Sophia in foster care for more than twelve months without a showing of reasonable progress to correct the conditions that led to Sophia's removal, willful failure to pay a reasonable portion of Sophia's care for the preceding six months, and attempted murder of another child residing in the home. *See* N.C.G.S. § 7B-1111(a)(1), (2), (3), (8) (2019). The petition also sought to terminate the mother's parental rights on the grounds of neglect, willfully leaving Sophia in foster care for more than twelve months without a showing of reasonable progress to correct the conditions that led to Sophia's removal, and willful failure to pay a reasonable portion of Sophia's care for the preceding six months. *See* N.C.G.S. § 7B-1111(a)(1), (2), (3) (2019). On 9 April 2019, the mother relinquished her parental rights to Sophia.

¶ 8        Before the hearing on the termination petition, respondent-father had been convicted of offenses arising from the murder of his pregnant girlfriend and the shooting of her toddler-aged child in the face. Respondent-father had been sentenced to incarceration for life without the possibility of parole. The mother did not revoke her relinquishment of her parental rights to Sophia. As the time to revoke had expired before the hearing, the mother was no longer a party to the matter.

¶ 9        Following a hearing on 17 September 2019, the trial court entered an order on

25 November 2019 concluding that three grounds existed to terminate respondent-father's parental rights: neglect, willfully leaving Sophia in foster care for more than twelve months without showing reasonable progress, and attempted murder of another child residing in the home. *See* N.C.G.S. § 7B-1111(a)(1), (2), (8). The trial court also determined it was in Sophia's best interests to terminate his parental rights. *See* N.C.G.S. § 7B-1110(a) (2019). Respondent-father gave notice of appeal to this Court pursuant to N.C.G.S. § 7B-1001(a1)(1).

¶ 10    Respondent-father's counsel has filed a no-merit brief pursuant to Rule 3.1(e) of the Rules of Appellate Procedure. In the brief, counsel identified two issues arguably supporting an appeal related to the grounds for termination pursuant to N.C.G.S. § 7B-1111(a)(2) and (8) but explained that any argument regarding the ground of neglect pursuant to N.C.G.S. § 7B-1111(a)(1) would be wholly without merit. Acknowledging that "a finding of only one ground is necessary to support a termination of parental rights," *In re A.R.A.*, 373 N.C. 190, 194 (2019), counsel stated that "even if successful," arguments pertaining to N.C.G.S. § 7B-1111(a)(2) and (8) "would not alter the ultimate result." Counsel further explained that counsel could not make a meritorious argument of error as to the trial court's conclusion regarding the termination of respondent-father's parental rights being in the best interests of Sophia. Counsel advised respondent-father of his right to file pro se written arguments with this Court and provided him with the documents necessary to do so.

Respondent-father has not submitted written arguments to this Court.

We carefully and independently review issues identified by counsel in a no-merit brief in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402 (2019). Having undertaken this review, we are satisfied that the trial court's 25 November 2019 order is supported by clear, cogent, and convincing evidence and based on proper legal grounds in determining that grounds exist pursuant to N.C.G.S. § 7B-1111(a)(1) to terminate respondent-father's parental rights and that termination is in the best interests of Sophia. Accordingly, we affirm the trial court's order terminating respondent-father's parental rights.

AFFIRMED.