IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-22

No. 308A20

Filed 19 March 2021

IN THE MATTER OF: A.R.P.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 7 April 2020 by Judge John K. Greenlee in District Court, Gaston County. This matter was calendared in the Supreme Court on 11 February 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*No brief for petitioner-appellee mother.*

*Sydney Batch for respondent-appellant father.*

NEWBY, Chief Justice.

Respondent-father appeals from the trial court's order terminating his parental rights to A.R.P. (Ansley).[1] Counsel for respondent-father has filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude that the issues identified by counsel in respondent-father's brief as arguably supporting the appeal are meritless and therefore affirm the trial court's order.

---

[1] A pseudonym is used in this opinion to protect the juvenile's identity and for ease of reading.

¶ 2    This case arises from a private termination action filed by petitioner, Ansley's biological mother, to terminate the parental rights of respondent. Petitioner and respondent were married in January 2004, separated in July 2016, and divorced in September 2018. Ansley was the sole child born from their marriage.

¶ 3    On 29 April 2019, petitioner filed a petition to terminate respondent's parental rights pursuant to N.C.G.S. § 7B-1111(a)(7) (2019). Petitioner alleged that respondent had "not seen [Ansley] in over two years despite the fact that [Ansley] and Petitioner still live in the same home which [respondent] formerly occupied with them, and has paid no child support for [Ansley] in over that same period of time." Respondent filed an answer denying the material allegations of the petition.

¶ 4    Following a hearing held on 12 December 2019, the trial court entered an order on 7 April 2020 in which it determined grounds existed to terminate respondent-father's parental rights for abandonment. N.C.G.S. § 7B-1111(a)(7). The trial court further concluded it was in Ansley's best interests that respondent-father's parental rights be terminated. Accordingly, the trial court terminated respondent-father's parental rights. Respondent-father appeals.

¶ 5    Counsel for respondent-father has filed a no-merit brief on her client's behalf under Rule 3.1(e) of the Rules of Appellate Procedure. Counsel identified two issues that could arguably support an appeal but also explained why she believed these issues lack merit. Counsel has advised respondent-father of his right to file *pro se*

written arguments on his own behalf and provided him with the documents necessary to do so. Respondent-father has not submitted written arguments to this Court.

We carefully and independently review issues identified by counsel in a no-merit brief filed under Rule 3.1(e) in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting this review, we are satisfied the trial court's 7 April 2020 order is supported by clear, cogent, and convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent-father's parental rights.

AFFIRMED.