IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-54

No. 321A20

Filed 23 April 2021

IN THE MATTER OF: P.M., A.M., N.M.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from orders entered on 9 April 2020 by Judge Joseph Moody Buckner in District Court, Orange County. This matter was calendared for argument in the Supreme Court on 19 March 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Stephenson & Fleming, LLP, by Deana K. Fleming, for petitioner-appellee Orange County Department of Social Services.*

*Q Byrd Law, by Quintin D. Byrd, for appellee Guardian ad Litem.*

*Richard Croutharmel for respondent-appellant father.*

PER CURIAM.

¶ 1        Respondent-father appeals from the trial court's orders terminating his parental rights to the minor children P.M. (Peter), A.M. (Alice), and N.M. (Nathan) (collectively "the children").[1] Counsel for respondent-father has filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the issues identified by counsel as arguably supporting the appeal are

---

[1] Pseudonyms are used for ease of reading and to protect the juveniles' identities.

meritless, and therefore, we affirm the trial court's orders.

On 23 March 2018, the Orange County Department of Social Services (DSS) obtained nonsecure custody of the children and filed petitions alleging that the children were neglected and dependent juveniles. The petitions alleged that DSS "was previously involved with the family in 2013 due to concerns [of] improper care" after the parents "left the children in the care of the maternal grandmother who was unable to provide for the children's basic needs." In February 2018, DSS became involved with the family due to concerns of sexual abuse, improper care, an injurious environment, and substance abuse. Specifically, there were concerns that two of the children were sexually abused by their paternal uncle. In addition, the children's mother[2] had "a history of heroin use[,] and the children . . . witness[ed] her suffer[ ] withdrawal symptoms."

Further, the petitions alleged that the parents fled North Carolina with the children to avoid criminal charges but were arrested in Illinois. The children's maternal grandmother retrieved the children from Illinois and brought them back to North Carolina. Moreover, the petitions alleged that the children "disclosed a history of domestic violence" between the parents and that the children had been "exposed . . . to [respondent-parent's] illegal activities." At the time the juvenile petitions were filed, respondent-father was serving a six-year prison sentence in the State of Illinois.

---

[2] The children's mother is not a party to this appeal.

On 9 July 2018, the trial court adjudicated the children to be neglected and dependent juveniles. Custody of the children remained with DSS. Respondent-father was ordered to complete a mental health assessment and follow recommendations, comply with random drug and alcohol screens, participate in a parenting class, maintain contact with DSS and notify DSS of any changes in circumstances within five business days, complete a substance abuse assessment and follow recommendations, obtain and maintain sufficient legal income for himself and the children, obtain and maintain sufficient housing for himself and the children, and enroll in and complete a domestic violence class or program.

Following a permanency-planning hearing on 21 March 2019, the trial court entered an order on 30 April 2019. The trial court found that respondent-father was due to be released from incarceration in Illinois on 1 June 2020 and that he would be subject to post-release supervision until 1 June 2023. He was enrolled in anger management classes, parenting classes, and substance abuse treatment. However, the trial court found that respondent-father's ability to complete the courses may be impacted as a result of him securing employment. While respondent-father accepted responsibility for the impact of his substance abuse on the children, he continued to deny any instance of domestic violence. The trial court changed the children's primary permanent plan to adoption with a secondary permanent plan of reunification and ordered DSS to pursue termination of parental rights.

On 4 September 2019, DSS filed petitions to terminate respondent-father's parental rights on the grounds of (1) neglect and (2) willfully leaving the children in foster care or placement outside of the home for more than twelve months without making reasonable progress to correct the conditions that led to their removal. *See* N.C.G.S. § 7B-1111(a)(1)–(2) (2019). Following a hearing on 5 March 2020, the trial court entered orders on 9 April 2020 concluding that grounds existed to terminate respondent-father's parental rights to the children based on both grounds alleged by DSS. The trial court further concluded that termination of respondent-father's parental rights was in the children's best interests. Accordingly, the trial court terminated respondent-father's parental rights. Respondent-father appeals.

Counsel for respondent-father has filed a no-merit brief on his client's behalf under Rule 3.1(e) of the Rules of Appellate Procedure. In his brief, counsel identified three issues that could arguably support an appeal but also explained why he believed these issues lacked merit. Counsel has advised respondent-father of his right to file *pro se* written arguments on his own behalf and provided him with the documents necessary to do so. Respondent-father has not submitted written arguments to this Court.

We independently review issues identified by counsel in a no-merit brief filed pursuant to Rule 3.1(e). *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting a review of the entire record and the issues identified by counsel in

the no-merit brief, we are satisfied the trial court's 9 April 2020 orders are supported by clear, cogent, and convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's orders terminating respondent-father's parental rights in the children.

AFFIRMED.