IN THE SUPREME COURT OF NORTH CAROLINA

No. 383A18

Filed 16 August 2019

IN THE MATTER OF L.E.M.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 820 S.E.2d 577 (N.C. Ct. App. 2018), dismissing an appeal from a termination of parental rights order entered on 5 January 2018 by Judge John K. Greenlee in District Court, Gaston County. Heard in the Supreme Court on 28 May 2019 in session in the State Capitol Building in the City of Raleigh.

*Elizabeth Myrick Boone for petitioner-appellee Gaston County Department of Social Services.*

*Nelson Mullins Riley & Scarborough LLP, by Reed J. Hollander, for appellee Guardian ad Litem.*

*Wendy C. Sotolongo, Parent Defender, by Annick Lenoir-Peek, Deputy Parent Defender, for respondent-appellant father.*

DAVIS, Justice.

In this case we consider whether Rule 3.1 of the North Carolina Rules of Appellate Procedure requires our appellate courts to independently review the issues presented in a "no-merit" brief filed in an appeal from an order terminating a respondent's parental rights. Based on our determination that Rule 3.1 mandates an independent review on appeal of the issues contained in a no-merit brief, we vacate the decision of the Court of Appeals.

**Factual and Procedural Background**

In September 2015, the Gaston County Department of Social Services (DSS) became involved with respondent-father (respondent) and his family in order to assist with the medical care of one of respondent's two children. As of 4 January 2016, both respondent and the mother of the children were incarcerated, and the children were placed in foster care. An adjudication hearing was held on 23 February 2016 in District Court, Gaston County before the Honorable John K. Greenlee. Following the hearing, both of the children were adjudicated neglected and dependent. The court awarded DSS continued custody of the juveniles and directed respondent to comply with the terms of his DSS case plan as a condition of regaining custody. Respondent was able to satisfy some of the conditions of the case plan, but on 1 June 2016, he was arrested and subsequently extradited to West Virginia.

On 11 April 2017, the trial court entered an order ceasing reunification efforts with respondent. The following day, DSS filed a petition to terminate the parental rights of respondent as to his son, L.E.M. The petition alleged that respondent's parental rights should be terminated based upon three separate grounds: (1) neglect, (2) failure to make reasonable progress to correct the conditions that led to the removal of the juvenile, and (3) dependency. *See* N.C.G.S. § 7B-1111(a)(1), (2), (6) (2017). A termination of parental rights hearing was held on 13 November 2017, and on 5 January 2018, the trial court entered an order terminating respondent's parental rights on the basis of neglect and failure to make reasonable progress. Respondent appealed the trial court's order to the Court of Appeals.

At the Court of Appeals, respondent's attorney filed a no-merit brief pursuant to North Carolina Rule of Appellate Procedure 3.1(d). In this brief, counsel conceded that, based upon her review of the record, she did not believe any meritorious issues existed that could support respondent's appeal. Nevertheless, the brief identified three issues for appellate review.

Despite acknowledging that the no-merit brief was in compliance with Rule 3.1(d), the Court of Appeals dismissed respondent's appeal. Citing the Court of Appeals' decision in *In re L.V.*, 814 S.E.2d 928 (N.C. Ct. App. 2018), the majority held that it lacked the authority to consider respondent's appeal because "[n]o issues have been argued or preserved for review in accordance with our Rules of Appellate Procedure." *In re L.E.M.*, 820 S.E.2d 577, 579 (N.C. Ct. App. 2018) (alteration in original) (quoting *In re L.V.*, 814 S.E.2d at 929).

In an opinion concurring in the result only, Judge Arrowood agreed with the majority that the panel was required to dismiss the appeal based on *In re L.V.* but expressed his belief that *In re L.V.* "erroneously altered the jurisprudence of cases arising under Rule 3.1 of the North Carolina Rules of Appellate Procedure." *Id.* (Arrowood, J., concurring). Judge Arrowood observed that the Court of Appeals "has consistently interpreted Rule 3.1(d) to require our Court to conduct an independent review in termination of parental rights cases in which counsel filed a no-merit brief and the respondent-parent did not file a *pro se* brief." *Id.* at 580.

Chief Judge McGee issued a dissenting opinion, stating her belief that the Court of Appeals was not bound by *In re L.V.* because that opinion is "contrary to settled law from prior opinions of this Court." *Id.* at 581 (McGee, C.J., dissenting). Respondent appealed to this Court as of right based upon the dissent.

## Analysis

In this appeal respondent contends that the Court of Appeals erred in dismissing his appeal instead of conducting an independent review of the issues identified in his counsel's no-merit brief. In analyzing respondent's argument, it is helpful to first examine the origin of no-merit briefs in North Carolina.

The concept of the no-merit brief originated in the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967). In *Anders*, an indigent defendant was convicted of felony possession of marijuana and sought to appeal. After determining that there was no legitimate basis upon which to appeal the conviction, the defendant's attorney wrote a letter to the appellate court stating that his review of the record did not reveal the existence of any meritorious appellate issues and seeking leave to withdraw from the case. *Id.* at 739–40, 742, 18 L. Ed. 2d at 495, 497.

Based on its desire to ensure that a criminal defendant's right to counsel was appropriately safeguarded while simultaneously seeking to prevent the filing of frivolous appeals, the Supreme Court adopted the following rule:

[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744, 18 L. Ed. 2d at 498.

This Court first expressly applied *Anders* in reviewing a criminal defendant's no-merit brief in *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). The Court of Appeals in 2000 declined to apply *Anders*-like procedures in appeals from orders terminating parental rights. *See In re Harrison*, 136 N.C. App. 831, 833, 526 S.E.2d 502, 503 (2000). Seven years later, the Court of Appeals once again held that, based on its previous holding in *In re Harrison*, it lacked authority to extend *Anders* protections to the filing of no-merit briefs in termination of parental rights cases. *In re N.B.*, 183 N.C. App. 114, 117, 644 S.E.2d 22, 24 (2007). In its opinion, however, the Court of Appeals urged the "Supreme Court or the General Assembly to reconsider this issue." *Id.* at 117, 644 S.E.2d at 24. In 2009, Rule 3.1(d) was adopted, which stated as follows:

**No-Merit Briefs.** In an appeal taken pursuant to N.C.G.S. § 7B-1001, if, after a conscientious and thorough review of the record on appeal,

appellate counsel concludes that the record contains no issue of merit on which to base an argument for relief and that the appeal would be frivolous, counsel may file a no-merit brief. In the brief, counsel shall identify any issues in the record on appeal that might arguably support the appeal and shall state why those issues lack merit or would not alter the ultimate result. Counsel shall provide the appellant with a copy of the no-merit brief, the transcript, the record on appeal, and any Rule 11(c) supplement or exhibits that have been filed with the appellate court. Counsel shall also advise the appellant in writing that the appellant has the option of filing a pro se brief within thirty days of the date of the filing of the no-merit brief and shall attach to the brief evidence of compliance with this subsection.

N.C. R. App. P. 3.1(d) (2018).[1]

Between the adoption of Rule 3.1(d) in 2009 and the Court of Appeals' decision in *In re L.V.*, the Court of Appeals issued numerous unpublished opinions and three published decisions reviewing no-merit briefs in termination of parental rights cases and in other cases arising under our Juvenile Code involving the abuse, neglect, or dependency of children. *See, e.g., In re A.A.S.*, 812 S.E.2d 875, 879 (N.C. Ct. App. 2018); *In re M.J.S.M.*, 810 S.E.2d 370, 374–75 (N.C. Ct. App. 2018); *In re M.S.*, 247 N.C. App. 89, 94, 785 S.E.2d 590, 593–94 (2016).

In *In re L.V.*, however, the Court of Appeals—for the first time since the adoption of Rule 3.1(d)—refused to consider the issues raised in a properly filed no-

---

[1] The Rules of Appellate Procedure were amended in December 2018. As of 1 January 2019, the provision authorizing no-merit briefs previously contained in Rule 3.1(d) is now codified in subsection (e). While the language addressing no-merit briefs as set out in Rule 3.1(e) differs in certain respects from that formerly contained in Rule 3.1(d), the two provisions are substantially similar.

merit brief on appeal from an order terminating parental rights. In its analysis the

Court of Appeals stated the following:

> Respondent appeals from orders terminating her parental rights to the minor children L.V. and A.V. On appeal, Respondent's appellate counsel filed a no-merit brief pursuant to Rule 3.1(d) stating that, after a conscientious and thorough review of the record on appeal, he has concluded that the record contains no issue of merit on which to base an argument for relief. N.C. R. App. P. 3.1(d). Respondent's counsel complied with all requirements of Rule 3.1(d), and Respondent did not exercise her right under Rule 3.1(d) to file a *pro se* brief. No issues have been argued or preserved for review in accordance with our Rules of Appellate Procedure.

*In re L.V.*, 814 S.E.2d at 928–29 (footnotes omitted). The Court of Appeals then

dismissed the respondent's appeal. *Id.* at 929.

Since *In re L.V.* was decided, panels of the Court of Appeals have differed in

their approach to no-merit briefs filed under Rule 3.1(d). *See, e.g.*, *In re I.B.*, 822

S.E.2d 472 (N.C. Ct. App. 2018) (finding no requirement for an independent review

but exercising discretion to review no-merit brief and affirming trial court's

termination of parental rights order); *In re I.P.*, 820 S.E.2d 586 (N.C. Ct. App. 2018)

(dismissing appeal filed pursuant to Rule 3.1(d)); *In re A.S.*, 817 S.E.2d 798, 2018 WL

4201062 (N.C. Ct. App. 2018) (per curiam) (unpublished) (summarily affirming trial

court's adjudication of neglect order on basis that all appellate issues had been

abandoned); *In re M.V.*, 817 S.E.2d 507, 2018 WL 3734805 (N.C. Ct. App. 2018)

(unpublished) (conducting an independent review of issues raised in no-merit brief

and affirming trial court's termination of parental rights order).

In determining the proper interpretation of Rule 3.1(d), we must be mindful of the fundamental interests implicated in a proceeding involving the termination of parental rights. The United States Supreme Court has recognized that "[w]hen the State initiates a parental rights termination proceeding . . . . '[a] parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one.' " *Santosky v. Kramer*, 455 U.S. 745, 759, 71 L. Ed. 2d 599, 610 (1982) (quoting *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27, 68 L. Ed. 2d 640, 650 (1981)); *see Atkinson v. Downing*, 175 N.C. 244, 246, 95 S.E. 487, 488 (1918) ("It is fully recognized in this State that parents have prima facie the right of the custody and control of their . . . children, a natural and substantive right not to be lightly denied or interfered with except when the good of the child clearly requires it.").

We conclude that the text of Rule 3.1(d) plainly contemplates appellate review of the issues contained in a no-merit brief. Rule 3.1(d) expressly authorizes counsel to file a no-merit brief identifying issues that could potentially support an appeal and requires an explanation in such briefs as to why counsel believes the identified issues do not require reversal of the trial court's order. Rule 3.1(d) further mandates that counsel provide the parent copies of the no-merit brief along with the record on appeal and the transcript of the proceedings in the trial court. Counsel are further directed to inform the parent in writing that he or she is permitted to submit a pro se brief to the appellate court within thirty days of the filing of the no-merit brief. *See* N.C. R. App. P. 3.1(d).

These specific requirements governing the filing of no-merit briefs clearly suggest that such briefs will, in fact, be considered by the appellate court and that an independent review will be conducted of the issues identified therein. In our view, it would be inconsistent with both the language and purpose of Rule 3.1(d) to construe this provision as either foreclosing independent appellate review of the issues set out in the no-merit brief entirely or making appellate review of those issues merely discretionary. Our interpretation of the Rule is further supported by the fact that while it requires that parents be advised by counsel of their opportunity to file a pro se brief, Rule 3.1(d) neither states nor implies that appellate review of the issues set out in the no-merit brief hinges on whether a pro se brief is actually filed by a parent. Accordingly, we overrule the Court of Appeals' decision in *In re L.V.*

Our holding today furthers the significant interest of ensuring that orders depriving parents of their fundamental right to parenthood are given meaningful appellate review. We observe that our General Assembly has expressly recognized the importance of protecting the interests of parents in termination proceedings by conferring upon them a right to appointed counsel in such cases. *See* N.C.G.S. § 7B-1101.1 (2017).

Having determined that the Court of Appeals erred in failing to conduct an independent review of the issues set out in the no-merit brief filed by respondent's counsel, we would normally remand this case to the Court of Appeals with instructions for it to conduct such a review. But in furtherance of the goals of

expeditiously resolving cases arising under our Juvenile Code and obtaining permanency for the juvenile in this case, we instead elect to conduct our own review of the issues raised in the no-merit brief.

In her twenty-five page brief, respondent's attorney identified three issues that could arguably support an appeal but stated why she believed each of those issues lacked merit. Based upon our careful review of the issues identified in the no-merit brief in light of our consideration of the entire record, we are satisfied that the trial court's 5 January 2018 order was supported by competent evidence and based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent's parental rights.

## Conclusion

For the reasons set out above, we hereby affirm the trial court's order terminating respondent's parental rights. The opinion of the Court of Appeals dismissing respondent's appeal is vacated.

VACATED.