IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-30

No. 275A20

Filed 19 March 2021

IN THE MATTER OF: M.C.T.B.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 13 February 2020 by Judge Christy E. Wilhelm in District Court, Cabarrus County. This matter was calendared for argument in the Supreme Court on 11 February 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Cynthia E. Everson for petitioner-appellee.*

*Sydney Batch for respondent-appellant mother.*

PER CURIAM.

Respondent-mother appeals from the trial court's order terminating her parental rights to M.C.T.B. (Mary).[1] Counsel for respondent-mother filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the issues identified by counsel as arguably supporting an appeal are meritless and therefore affirm the trial court's order.

---

[1] A pseudonym is used in this opinion to protect the juvenile's identity and for ease of reading.

This case arises from a private termination action filed by petitioner, Mary's maternal grandmother, to terminate the parental rights of respondent-mother.[2] Mary was born prematurely at twenty-eight weeks and spent approximately two months in the neonatal intensive care unit (NICU) following her birth. At the time of Mary's birth, respondent-mother had received limited prenatal care, was homeless, had unaddressed mental health issues, and did not have a plan in place for Mary's eventual discharge from the hospital. Accordingly, the Suffolk County Department of Social Services (DSS) in New York filed a petition seeking the temporary removal of Mary from respondent-mother's care, and the Suffolk County Family Court placed Mary into petitioner's care following her release from the NICU.

Suffolk County DSS filed a petition alleging that Mary was neglected, and the trial court continued Mary's placement with petitioner on 21 December 2011 pending further proceedings. The family court adjudicated Mary neglected on 24 April 2012, and she remained in petitioner's care. Petitioner and respondent-mother entered into a consent order awarding petitioner permanent custody of Mary on 18 July 2013.[3]

Petitioner and Mary moved to North Carolina in 2013. On 14 September 2016, the Suffolk County Family Court determined North Carolina was "the appropriate [home state] for determination of issues of custody regarding" Mary and relinquished

---

[2] Petitioner also sought to terminate the parental rights of Mary's father, but he is not a party to this appeal.

[3] Mary's father was also a party to the consent order.

continuing, exclusive jurisdiction of the matter to North Carolina. Petitioner filed a petition to terminate respondent-mother's parental rights on 18 July 2019, alleging grounds for termination under N.C.G.S. § 7B-1111(a)(1)–(3). Petitioner alleged (1) that since the initial finding of neglect, respondent-mother had provided no evidence of compliance with the requirements of the Suffolk County Family Court's adjudication order; (2) respondent-mother had not had any contact with Mary since March 2015, nor had she sent any cards or gifts; (3) there was a risk of continued neglect if Mary was returned to respondent-mother's care; (4) respondent-mother willfully left Mary in a placement outside the home for more than twelve months without a showing of reasonable progress by failing to obtain a mental health evaluation, attend psychological counseling, or participate in a parenting skills program; and (5) respondent-mother had not paid anything toward the support of Mary since 31 December 2018. Respondent-mother filed an answer denying the material allegations of the petition.

Following a hearing held on 17 December 2019, the trial court entered an order on 13 February 2020 in which it determined grounds existed to terminate respondent-mother's parental rights due to neglect and her failure to pay a reasonable portion of costs for Mary's care. N.C.G.S. § 7B-1111(a)(1), (3) (2019). The trial court further concluded it was in Mary's best interests that respondent-mother's

parental rights be terminated, and the trial court terminated respondent-mother's parental rights. Respondent-mother appealed.

¶ 6    Counsel for respondent-mother has filed a no-merit brief on her client's behalf under Rule 3.1(e) of the Rules of Appellate Procedure. Counsel identified two issues that could arguably support an appeal but also explained why she believed those issues lacked merit. Counsel advised respondent-mother of her right to file *pro se* written arguments on her own behalf and provided her with the documents necessary to do so. Respondent-mother has not submitted written arguments to this Court.

¶ 7    We carefully and independently review issues identified by counsel in a no-merit brief filed under Rule 3.1(e) in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402 (2019). After conducting this review, we are satisfied that the trial court's 13 February 2020 order is supported by clear, cogent, and convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent-mother's parental rights.

AFFIRMED.