IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-43

 No. 271A20

 Filed 23 April 2021

 IN THE MATTER OF: A.R.W., H.N.W., and S.L.W.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered 12 March

 2020 by Judge Monica M. Bousman in District Court, Wake County. This matter was

 calendared for argument in the Supreme Court on 19 March 2021 but determined on

 the record and briefs without oral argument pursuant to Rule 30(f) of the North

 Carolina Rules of Appellate Procedure.

 Robin E. Strickland for petitioner-appellees.

 Leslie Rawls for respondent-appellant father.

 NEWBY, Chief Justice.

¶1 Respondent, the biological father of the minor children, A.R.W. (Amy), H.N.W.

 (Hazel), and S.L.W. (Susan)1, appeals from the trial court’s order terminating his

 parental rights. Counsel for respondent has filed a no-merit brief pursuant to Rule

 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude the issues

 identified by counsel in respondent’s brief are meritless and therefore affirm the trial

 court’s order.

 1 Pseudonyms are used for ease of reading and to protect the juveniles’ identities.
 IN RE A.R.W., H.N.W., AND S.L.W.

 2021-NCSC-43

 Opinion of the Court

¶2 This is a private termination of parental rights action filed by the children’s

 legal custodians, Mr. and Mrs. W (petitioners). On 20 December 2013, Wake County

 Human Services (WCHS) filed a petition alleging that Amy and Hazel were neglected

 and dependent juveniles. The petition alleged that on or about 12 March 2013, WCHS

 received a report that respondent assaulted the mother in the presence of the

 children. Respondent was “reported to have kicked and choked [the mother] and

 pulled her out of the car by her hair.” The mother entered into a Safety Plan placing

 the children in the maternal great-grandmother’s home.

¶3 On 28 January 2014, respondent consented to the entry of an order

 adjudicating Amy and Hazel to be neglected juveniles based on their living in an

 injurious environment due to the parents’ domestic violence and substance abuse

 issues. The trial court ordered respondent to enter into and comply with an Out of

 Home Services Agreement to address the reasons for the children’s removal. The trial

 court ordered respondent to have one hour of supervised visitation every other week.

¶4 Following a hearing on 21 April 2014, the trial court entered an order adopting

 a permanent plan of reunification.

¶5 On 25 September 2014, when the mother was eight months pregnant with

 Susan, she reported that respondent abducted, assaulted, and raped her at gunpoint.

 Respondent later pled guilty to first-degree kidnapping and is currently serving a

 sentence of a minimum of eight years to a maximum of ten years, eight months in
 IN RE A.R.W., H.N.W., AND S.L.W.

 2021-NCSC-43

 Opinion of the Court

 custody. His projected release date is 23 September 2022.

¶6 In September 2014, Amy and Hazel were removed from the maternal great-

 grandmother’s home due to her poor health, and they were placed with petitioners,

 who are licensed foster parents. Subsequently, the trial court suspended respondent’s

 visitation on 14 November 2014. The trial court found that respondent was not in

 compliance with his Out of Home Services Agreement. On 5 February 2015, the trial

 court ceased reunification efforts with respondent.

¶7 In March 2015, Amy and Hazel were returned to the mother’s home.

 Petitioners visited with Amy and Hazel “from time to time” and provided childcare

 when requested by the mother. On 21 September 2016, the mother passed away from

 an apparent heroin overdose. Following the mother’s death, Amy, Hazel, and Susan

 went to live with the maternal great-grandmother until November 2016, when she

 was admitted to the hospital. Thereafter, petitioners assumed fulltime care of all

 three children. The children have resided with petitioners since November 2016.

¶8 The maternal grandfather and his wife filed a complaint for custody of the

 children in District Court, Wake County, and petitioners intervened. On 27 February

 2017, the trial court entered a Temporary Custody Order granting petitioners

 temporary physical and legal custody of the children. Following a hearing on 27

 November 2017, the trial court entered an order on 17 May 2018 granting petitioners

 permanent physical and legal custody of the children. Nevertheless, petitioners and
 IN RE A.R.W., H.N.W., AND S.L.W.

 2021-NCSC-43

 Opinion of the Court

 the children have maintained relationships with the maternal grandparents.

¶9 On 12 July 2019, petitioners filed petitions to terminate respondent’s parental

 rights to the children alleging the grounds of neglect, willfully leaving the children in

 a placement outside the home for more than twelve months without making

 reasonable progress to correct the conditions that led to their removal, and willful

 abandonment. See N.C.G.S. § 7B-1111(a)(1)–(2), (7) (2019). Following a hearing held

 on 13 February 2020, the trial court entered an order on 12 March 2020 terminating

 respondent’s parental rights. The trial court concluded grounds existed to terminate

 his parental rights based on the grounds of neglect and willful failure to make

 reasonable progress. The court noted that despite the earlier order requiring

 respondent to demonstrate changes learned relating to domestic violence, to resolve

 criminal matters, and to be of lawful behavior, respondent was found guilty of

 multiple infractions during his incarceration. These infractions included gang

 behavior, assault on staff, possessing a weapon, and coordinating an assault. The

 trial court further concluded it was in the children’s best interests that respondent’s

 parental rights be terminated. See N.C.G.S. § 7B-1110(a) (2019). Respondent

 appealed from the termination order.

¶ 10 Counsel for respondent has filed a no-merit brief on respondent’s behalf under

 Rule 3.1(e) of the Rules of Appellate Procedure. In her brief, counsel identified four

 issues that could arguably support an appeal but also explained why she believed
 IN RE A.R.W., H.N.W., AND S.L.W.

 2021-NCSC-43

 Opinion of the Court

 these issues lacked merit. Counsel also advised respondent of his right to file pro se

 written arguments on his own behalf and provided him with the documents necessary

 to do so. Respondent filed a pro se brief asking this Court to reverse the trial court

 order terminating his parental rights and reiterating some of his testimony at the

 termination hearing. Specifically, respondent stated that he loves his children, he

 took classes while incarcerated to become a better parent and person, he wrote and

 called his children while he was incarcerated, petitioners hung up the phone when he

 tried to call the children the last time, and he has been incarcerated for most of the

 children’s lives. Respondent noted his aunt as a potential caregiver for the children,

 an argument that the trial court previously considered at length and rejected in its

 order. Respondent did not, however, present any reviewable legal arguments in his

 brief.

¶ 11 We independently review issues identified by counsel in a no-merit brief filed

 pursuant to Rule 3.1(e). In re L.E.M., 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019).

 After considering the entire record and respondent’s pro se brief and reviewing the

 issues identified in the no-merit brief, we conclude that the 12 March 2020 order is

 supported by clear, cogent, and convincing evidence and is based on proper legal

 grounds. Accordingly, we affirm the trial court’s order terminating respondent’s

 parental rights.

 AFFIRMED.