IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-136

No. 193A21

Filed 5 November 2021

IN THE MATTER OF: J.G.S.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 4 March 2021 by Judge Burford A. Cherry in District Court, Burke County. This matter was calendared in the Supreme Court on 30 September 2021 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*J. Thomas Diepenbrock for respondent-appellant father.*

*Amanda C. Perez for petitioner-appellee Burke County Department of Social Services.*

*Michelle FormyDuval Lynch for appellee Guardian ad Litem.*

NEWBY, Chief Justice.

Respondent-father appeals from the trial court's order terminating his parental rights to J.G.S. (Jamal).[1] Counsel for respondent-father has filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude that the issues identified by counsel in respondent-father's brief as arguably supporting the appeal are meritless and therefore affirm the trial court's order.

---

[1] A pseudonym is used in this opinion to protect the juvenile's identity and for ease of reading.

¶ 2          This case arises from a termination action filed by Burke County Department of Social Services (DSS). Jamal was born on 24 December 2011 to mother and respondent-father. On 15 January 2019, while Jamal was living with his mother and half-siblings,[2] DSS filed a juvenile petition alleging Jamal was a neglected and dependent juvenile. The petition alleged that respondent-father had not been an active caregiver for Jamal, that he was incarcerated at the Marion Correctional Facility due to his conviction of robbery with a dangerous weapon, and that he would not be released from prison until 2025. On 1 May 2019, Jamal was adjudicated a neglected and dependent juvenile.

¶ 3          On 23 September 2020, DSS filed a motion to terminate respondent-father's parental rights. At the termination hearing on 5 February 2021, a DSS social worker, Lori Potter, testified that in the six months prior to the filing of the motion to terminate parental rights, respondent-father did not provide any support or inquire into Jamal's health, safety, or welfare. Ms. Potter also testified that Jamal did not remember meeting respondent-father but recalled that he was in prison. Respondent-father testified that he had been incarcerated since 21 April 2015 and that his projected release date is 12 July 2025. He also testified that he had only seen Jamal two times. The trial court entered an order on 4 March 2021 in which it determined

---

[2] Jamal's mother, his half-siblings, and the respective fathers of his half-siblings are not parties to this appeal.

grounds existed to terminate respondent-father's parental rights for neglect, willfully leaving the juvenile in placement outside the home without correcting the conditions that led to his removal, dependency, and willful abandonment. N.C.G.S. § 7B-1111(a)(1), (2), (6), (7) (2019). The trial court further concluded it was in Jamal's best interests that respondent-father's parental rights be terminated.

Counsel for respondent-father has filed a no-merit brief on his client's behalf under Rule 3.1(e) of the Rules of Appellate Procedure.[3] Counsel identified five issues that could arguably support an appeal but also explained why he believed these issues lack merit. Counsel has advised respondent-father of his right to file *pro se* written arguments on his own behalf and provided him with the documents necessary to do so. Respondent-father has not submitted written arguments to this Court.

We carefully and independently review issues identified by counsel in a no-merit brief filed under Rule 3.1(e) in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting this review, we are satisfied the trial court's 4 March 2021 order is supported by clear, cogent, and

---

[3] In respondent-father's notice of appeal, he erroneously designated the Court of Appeals, rather than this Court, as the judicial body to which his appeal would lie. At the time respondent-father gave notice of appeal, however, this Court was the only judicial body to which he could appeal. *See* N.C.G.S. § 7A-27(a)(5) (2019); N.C.G.S. § 7B-1001(a1)(1) (2019). Therefore, we elect to treat respondent-father's brief as a petition for certiorari and issue that writ authorizing review of his challenges to the trial court's termination order. *See In re N.D.A.*, 373 N.C. 71, 73–74, 833 S.E.2d 768, 771 (2019).

convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent-father's parental rights.

AFFIRMED.