IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-132

No. 209A21

Filed 5 November 2021

IN THE MATTER OF: C.M.F., D.J.H., N.S.E.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered 2 March 2021 by Judge Ricky W. Champion in District Court, Alamance County. This matter was calendared for argument in the Supreme Court on 30 September 2021, but was determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Jamie L. Hamlett for petitioner-appellee Alamance County Department of Social Services.*

*Thomas N. Griffin, III, for appellee Guardian ad Litem.*

*Richard Croutharmel for respondent-appellant-mother.*

PER CURIAM.

Respondent-mother Krystle H. appeals from the trial court's order terminating her parental rights in three of her children. Respondent-mother's appellate counsel has filed a no-merit brief on his client's behalf pursuant to N.C.R. App. P. 3.1(e). After careful consideration of the record in light of the applicable law, we conclude that the issues identified by respondent-mother's appellate counsel as arguably supporting an

award of relief from the trial court's termination order lack merit and affirm the trial court's termination order.

Respondent-mother Krystle H. and the father James E. were married on 15 July 2006, with five children having been born of their marriage, one of whom, N.S.E.,[1] was born on 1 December 2010 in Hattiesburg, Mississippi. Respondent-mother and Mr. E. divorced on or about 21 August 2012. On or about 2 August 2012, respondent-mother married Joe H., with D.J.H.[2] having been born of their marriage in Hattiesburg on 24 September 2013. Respondent-mother and Mr. H. divorced on 28 August 2017. C.M.F.[3] was born to respondent-mother and Joshua R. in Hattiesburg on 4 October 2017. While they were living in Mississippi, the children were the subject of a juvenile court proceeding that involved allegations of sexual abuse during which they were placed in foster care before being returned to respondent-mother's custody.

Respondent-mother and the children had been residing in North Carolina since December 2019, when respondent-mother moved to this State in order to live with a man that she had met through an on-line dating service. On 25 February 2020, the

---

[1] N.S.E. will be referred to throughout the remainder of this opinion as "Nancy," which is a pseudonym that will be used for ease of reading and to protect the juvenile's privacy.

[2] D.J.H. will be referred to throughout the remainder of this opinion as "Danny," which is a pseudonym that will be used for ease of reading and to protect the privacy of the juvenile.

[3] C.M.F. will be referred to throughout the remainder of this opinion as "Carol," which is a pseudonym that will be used for ease of reading and to protect the privacy of the juvenile.

Alamance County Department of Social Services obtained the entry of an order taking the children into nonsecure custody and filed a juvenile petition alleging that Carol, Danny, and Nancy were neglected and dependent juveniles.[4] In its petition, DSS alleged that the children received improper supervision, had insufficient housing, lacked proper hygiene, and had been subjected to improper discipline; that respondent-mother lacked adequate financial resources and parenting skills and had mental health and substance abuse-related problems; and that respondent-mother and her boyfriend had assaulted the children. After the filing of the petition, Judge Kathryn W. Overby communicated with the applicable judicial authorities in Mississippi, with that state having declined to exercise jurisdiction over the children after determining that North Carolina would be a more convenient forum.

On 22 June 2020, Judge Overby entered an adjudication order based upon stipulations by respondent-mother in which Judge Overby found that Carol, Danny, and Nancy were neglected and dependent juveniles, determined that a dispositional hearing would be held at a later time, and ordered that the children remain in the temporary custody of DSS. On 22 July 2020, Judge Overby entered a dispositional order providing that the children would remain in DSS custody; requiring the parents

---

[4] The underlying neglect and dependency proceeding involved children in addition to Carol, Danny, and Nancy. However, none of these other children were the subject of the termination of parental rights proceeding that is before us in this case. As a result, we will refrain from commenting upon the proceedings relating to the other children in this opinion.

to provide support for the children while they were in DSS custody; and ordering that, in order to reunify with the children, respondent-mother develop a sufficient source of income to provide for herself and the children; provide for a safe, stable, and secure home environment; refrain from allowing her use of unlawful substances to interfere with her ability to parent the children; obtain a substance abuse and mental health assessment and comply with all treatment-related recommendations; participate in parenting education and demonstrate the ability to use the skills that she had learned during her interactions with the children; demonstrate the ability to meet the medical and mental health needs of the children by attending their medical and mental health appointments; and visit with the children.[5]

After a permanency planning and review hearing held on 23 September 2020, Judge Overby entered an order on 9 October 2020 in which she found, among other things, that, while respondent-mother was employed at McDonald's, she had failed to provide sufficient information concerning her earnings, that respondent-mother had failed to secure stable and adequate housing, that respondent-mother's substance abuse assessment had resulted in a diagnosis of tobacco use disorder, that respondent-mother's mental health assessment had resulted in recommendations

---

[5] Judge Overby also ordered that the fathers take certain steps in order to be reunified with their children. In view of the fact that there are no issues relating to the fathers before us in this case, we will refrain from describing the provisions of the dispositional order or subsequent orders relating to the fathers in this opinion.

that respondent-mother participate in individual and group therapy and medication management, that respondent-mother had participated in a single medication management session, and that respondent-mother had failed to take any steps to satisfy her obligation to provide support for her children. As a result, Judge Overby determined that the primary permanent plan for Carol, Danny, and Nancy should be adoption, with a secondary plan of reunification, in light of respondent-mother's failure to make adequate progress toward rectifying the concerns that had led to the children's removal from her home.

¶ 6        On 24 November 2020, DSS filed a motion seeking to terminate respondent-mother's parental rights in Carol, Danny, and Nancy on the grounds that respondent-mother's parental rights in the children were subject to termination on the basis of neglect, N.C.G.S. § 7B-1111(a)(1); failure to pay a reasonable portion of the cost of the care that the children had received while in a placement outside the home, N.C.G.S. § 7B-1111(a)(3); and dependency, N.C.G.S. § 7B-1111(a)(6), and that the termination of respondent-mother's parental rights would be in the children's best interests. On 2 March 2021, the trial court entered an order concluding that respondent-mother's parental rights in Carol, Danny, and Nancy were subject to termination on the basis of all three of the grounds for termination alleged in the termination petition and that the termination of respondent-mother's parental rights would be in the children's best interests. Based upon these determinations, the trial court ordered that respondent-

mother's parental rights in the children be terminated.[6] Respondent-mother noted an appeal from the trial court's termination order to this Court.

¶ 7 Respondent-mother's appellate counsel has filed a no-merit brief on his client's behalf. In that brief, respondent-mother's appellate counsel identified a number of issues that could potentially provide a basis for challenging the lawfulness of the trial court's termination order, including whether the record evidence and the trial court's findings of fact provided adequate support for its determination that respondent-mother's parental rights in Carol, Danny, and Nancy were subject to termination and whether the trial court had abused its discretion by determining that the termination of respondent-mother's parental rights would be in the children's best interests. Ultimately, however, respondent-mother's appellate counsel concluded that there was no non-frivolous basis for challenging the lawfulness of the trial court's determination that respondent-mother's parental rights in the children were subject to termination on the basis of her failure to pay a reasonable portion of the cost of the children's care while in DSS custody, N.C.G.S. § 7B-1111(a)(3), and that, since the termination order contained findings of fact that were supported by sufficient record evidence relating to the dispositional factors delineated in N.C.G.S. § 7B-1110(a) and

---

[6] The trial court also terminated the parental rights of the fathers in his termination order. In view of the fact that none of the children's fathers have sought review of the trial court's termination order by this Court, we will refrain from discussing the termination-related proceedings concerning the fathers any further in this opinion.

since the trial court's findings of fact provided adequate support for its dispositional decision, there was no non-frivolous basis for challenging the lawfulness of the trial court's determination that the termination of respondent-mother's parental rights would be in the children's best interests. Although respondent-mother's appellate counsel communicated with respondent-mother for the purpose of advising her that she had a right to file written arguments for the Court's consideration and provided respondent-mother with the materials necessary to permit her to do so, respondent-mother failed to submit any written arguments for consideration by the Court. Both DSS and the guardian ad litem filed briefs expressing agreement with the conclusion reached by respondent-mother's appellate counsel that the record does not disclose the existence of any arguably meritorious issues in this case.

¶ 8    This Court independently reviews issues identified by counsel in a no-merit brief filed pursuant to N.C.R. App. P. 3.1(e) for the purpose of determining if any of those issues have potential merit. *In re L.E.M.*, 372 N.C. 396, 402 (2019). After a careful review of the issues identified in the no-merit brief filed by respondent-mother's appellate counsel in this case in light of the record and the applicable law, we are satisfied that the findings of fact contained in the trial court's termination order have ample record support and that the trial court did not err in the course of determining that respondent-mother's parental rights in the children were subject to termination and that the termination of respondent-mother's parental rights would

be in the children's best interests. As a result, we affirm the trial court's order terminating respondent-mother's parental rights in Carol, Danny, and Nancy.

AFFIRMED.