IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-151

No. 333A21

Filed 17 December 2021

IN THE MATTER OF: J.I.T.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 18 March 2021 by Judge Ellen Shelley in District Court, Rutherford County. This matter was calendared for argument in the Supreme Court on 6 December 2021 but was determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*W. Martin  Jarrad, for petitioner-mother.*
*Edward Eldred, for respondent-appellant.*

BERGER, Justice.

¶ 1        Respondent, the father of J.I.T. (Joe),[1] appeals from the trial court's order terminating his parental rights. Respondent's counsel filed a no-merit brief pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. After review, we conclude the purported issues addressed by counsel in support of the appeal are meritless and therefore affirm the trial court's order.

---

[1] A pseudonym is used in this opinion to protect the identity of the juvenile and for ease of reading.

Joe was born on April 22, 2012. Joe's mother filed a petition to terminate respondent's parental rights on June 1, 2020, alleging as grounds for termination that respondent willfully abandoned Joe and willfully failed to pay costs of his care and maintenance. A hearing on the petition to terminate parental rights was held on March 8, 2021. Respondent failed to appear at the hearing. Respondent's counsel moved to continue the hearing, which the trial court denied.

Based upon the evidence presented at the hearing, the trial court made the following findings of fact:

> 6. The Respondent had sporadic contact with the minor child prior to the ending of the relationship between the Petitioner and the Respondent when the minor child was seven months old. Since that time, the only contact the Respondent had with the minor child consisted of the Respondent attending the minor child's second birthday and spending approximately and [sic] hour with the minor child and the Petitioner at a park when the minor child was two years old. Since that time, and prior to the filing of the petition in this matter, the Respondent has been in the presence of the minor child in public settings, once even passing by the minor child and the Petitioner on the same aisle at Wal Mart [sic], and during none of these times in a public setting did the Respondent ever make any attempt at communication with the minor child or even acknowledge him. The Respondent has never established a parent-child relationship with the minor child, or any emotional bond.
>
> 7. At the time of the filing of this action, the Respondent had willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of this petition.

8. The Respondent was ordered to pay for the support of the minor child in Rutherford County file number 13 CVD 222. For a period of one year or more next preceding the filing of the Petition in this matter, the Respondent has willfully failed without justification to pay for the care, support, and education of the minor child as required by the above-referenced child support order. Specifically, as of the date of this order, the last child support payment made by the Respondent for the support of the minor child was in the amount of $18.29 on March 13, 2019.

9. The Respondent father has willfully abandoned the minor child for at least six consecutive months immediately preceding the filing of this action.

10. Pursuant to N.C. Gen. Stat. §§ 7B-1111(4), and (7), the foregoing facts support and justify the termination of Respondent's parental rights.

The trial court concluded that termination was in Joe's best interests. Respondent appeals.

Respondent's appellate counsel states that he has reviewed the record and discussed the case with the Office of the Parent Defender. Counsel could not identify a meritorious issue for appeal, and he subsequently filed a no-merit brief on respondent's behalf under Rule 3.1(e) of the Rules of Appellate Procedure.

Counsel for respondent identified three issues that could arguably support an appeal here. Counsel states that the trial court's finding of willful abandonment was not supported by the evidence. Counsel acknowledges, however, that the issue lacks merit because the independent finding of willful failure to pay child support is

evidence which supports a finding justifying termination of parental rights. Second, counsel also asserts that another issue on appeal could be that the trial court abused its discretion when it denied counsel's motion to continue. Regarding this issue, counsel acknowledges, however, that respondent failed to preserve any argument related to lack of notice and the denial of the motion to continue. Finally, counsel states that respondent may have an argument related to ineffective assistance of counsel, but that, in his opinion, this issue likewise lacks merit. Counsel concedes that respondent "cannot show a probability of a different result given [the] testimony concerning the status of [respondent]'s child support payments."

¶ 6     Counsel has advised respondent and provided him with the documents necessary to pursue his appeal. Respondent was appropriately notified of his right to file pro se written arguments on his own behalf pursuant to Rule 3.1(e) and he has failed to file a brief or any additional documents with this Court.

¶ 7     This Court conducts an independent review of issues identified by respondent's counsel in a no-merit brief filed under Rule 3.1(e). *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). We have carefully reviewed the issues identified by counsel in the no-merit brief in light of the entire record. We are satisfied that the trial court's order terminating respondent's parental rights was supported by clear, cogent, and convincing evidence and based upon proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent's parental rights.

AFFIRMED.