IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1053

Filed 18 June 2024

Guilford County, Nos. 19JT506–509, 21JT523–524

IN THE MATTER OF:

J.B., R.B., G.B., R.B., R.B., R.B.

Appeal by respondent-mother from an order terminating her parental rights, entered 3 July 2023 by Judge William B. Davis in Guilford County District Court. Heard in the Court of Appeals 28 May 2024.

*Peter Wood, for mother respondent-appellant.*

*Mercedes O. Chut, for petitioner-appellee Guilford County Department of Health and Human Services.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by A. Grant Simpkins, for guardians ad litem.*

FLOOD, Judge.

Respondent-Mother appeals from the trial court's order terminating her parental rights in Jack, Ramona, Gary, Rachel, Raya, and Regina (collectively, "the children").[1] Respondent-Mother's counsel has filed a no-merit brief with this Court in which he identifies two issues as arguably supporting appeal: whether the trial court prejudicially erred when it found grounds to terminate Respondent-Mother's parental rights, and whether the trial court abused its discretion in determining it was in the children's best interests to terminate Respondent-Mother's parental

---

[1] Pseudonyms are used to protect the identities of the minor children pursuant to N.C.R. App. P. 42.

rights. Upon our independent review of the Record, we find no merit in these arguments and therefore affirm the trial court's order. Counsel also argues, however, the trial court prejudicially erred in conducting the termination hearing where it did not have subject matter jurisdiction over Raya. Under the scope of this appeal, we conclude this issue is not properly before this Court, and we therefore dismiss this argument.

## I. **Factual and Procedural Background**

On 30 December 2019, the Guilford County Department of Social Services ("DSS") filed petitions alleging the following: (1) Jack was neglected, dependent, and abused; and (2) Ramona, Gary, and Rachel were neglected and dependent. On 21 June 2021, the trial court adjudicated Jack to be abused, neglected, and dependent, and adjudicated Gary, Rachel, and Ramona to be neglected and dependent. On 30 June 2021, DSS filed petitions alleging the twins, Raya and Regina, to be neglected and dependent. On 20 August 2021, the court adjudicated Raya and Regina to be neglected and dependent.

On 29 August 2022, DSS filed a petition to terminate Respondent-Mother's parental rights in the children. Following a hearing on 11 April 2023, the trial court found grounds to terminate Respondent-Mother's rights in the children, and found this termination to be in the best interests of the children. The trial court entered its termination of parental rights ("TPR") order on 3 July 2023. Respondent-Mother

timely appealed and, pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure, Respondent-Mother's counsel has filed a no-merit brief with this Court.

## II. **Jurisdiction**

This Court has jurisdiction to review this appeal from a final order issued by a district court terminating Respondent-Mother's parental rights pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 7B-1001(a)(7) (2023).

## III. **Analysis**

Counsel has identified in the no-merit brief two issues that arguably support appeal while conceding that they likely lack appellate merit: (1) whether the trial court prejudicially erred when it found grounds to terminate Respondent-Mother's parental rights, and (2) whether the trial court abused its discretion in determining it was in the children's best interests to terminate Respondent-Mother's parental rights.

Counsel for an appellant may file a no-merit brief with this Court where counsel "concludes that there is no issue of merit on which to base an argument for relief," and "[i]n the no-merit brief, counsel must identify any issues in the record on appeal that arguably support the appeal and must state why those issues lack merit or would not alter the ultimate result." N.C.R. App. P. 3.1(e). When a no-merit brief is filed pursuant to Rule 3.1(e), this Court will conduct an "independent review . . . of the issues identified therein" to see if they have potential merit. *In re K.M.S.*, 380 N.C. 56, 59, 867 S.E.2d 868, 870 (2022) (citation and internal quotation marks

omitted); *see also In re Z.R.*, 378 N.C. 92, 98, 859 S.E.2d 180, 184 (2021) ("When a parent's appellate counsel files a no-merit brief on his or her client's behalf pursuant to N.C.R. App. P. 3.1(e), this Court reviews the issues that are identified in that brief to see if they have potential merit." (citation omitted)). Where this Court determines the proposed issues are lacking in merit, the correct disposition is to affirm the trial court's TPR order. *See In re K.M.S.*, 380 N.C. at 59, 867 S.E.2d at 870 ("Having reviewed the two issues identified by counsel in the no-merit brief, we are satisfied the trial court's order terminating respondent's parental rights is supported by clear, cogent, and convincing evidence and is based on proper legal grounds. Accordingly, we affirm the trial court's [TPR] order[.]")

Upon our independent review of the Record, we find no merit in either of counsel's two identified claims; we therefore affirm the trial court's TPR order. *See In re K.M.S.*, 380 N.C. at 59, 867 S.E.2d at 870; *see also In re Z.R.*, 378 N.C. at 98, 859 S.E.2d at 184.

Counsel has also raised in the no-merit brief, however, an issue that he claims is meritorious: he argues the trial court prejudicially erred in conducting the termination hearing where it did not have subject matter jurisdiction over Raya. An appellant brief filed pursuant to Rule 3.1(e) permits an appellant's counsel only to "identify any issues in the record on appeal that *arguably support* the appeal[,]" however, and counsel's introduction of this allegedly meritorious issue contravenes the scope of this appeal and the scope of our appellate review. N.C.R. App. P. 3.1(e)

(emphasis added); *see also In re K.M.S.*, 380 N.C. at 59, 867 S.E.2d at 870. Further, in a Rule 3.1(e) no-merit brief, counsel for an appellant is to explain why the identified issues "lack merit or would not alter the ultimate result[,]" and Respondent-Mother's counsel has included no such explanation as to this issue. N.C.R. App. P. 3.1(e). It is not the duty of this Court to devise appellate arguments, and we will not do so here. *See Gyger v. Clement*, 263 N.C. App. 118, 126, 823 S.E.2d 400, 406 (2018) ("It is not the job of this Court to create an argument for an appellant."); *see also* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief . . . will be taken as abandoned."). This argument contesting the trial court's subject matter jurisdiction over Raya is therefore dismissed.

We note that DSS has expressed concern in its brief that Respondent-Mother has not received her right to meaningful appellate review, as it is "unclear how [she] could know of her right to address the purported jurisdictional issue[.]" As our Supreme Court held in *In re L.E.M.*, however, while Rule 3.1(e) "requires that parents be advised by counsel of their opportunity to file a pro se brief, Rule 3.1[(e)] neither states nor implies that appellate review of the issues set out in the no-merit brief hinges on whether a pro se brief is actually filed by a parent." 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019); *see also* N.C.R. App. P. 3.1(e) ("In the no-merit brief, . . . . [c]ounsel must inform the appellant in writing that the appellant may file a pro se brief and that the pro se brief is due within thirty days after the date of filing the no-merit brief. Counsel must attach evidence of this communication to the no-merit

brief."). As to this holding, the Supreme Court provided that it "furthers the significant interest of ensuring that orders depriving parents of their fundamental right to parenthood are given meaningful appellate review." *In re L.E.M.*, 372 N.C. at 402, 831 S.E.2d at 345.

Here, Respondent-Mother's counsel, prior to filing the current no-merit brief and in accordance with the requirements of Rule 3.1(e), sent Respondent-Mother a letter informing her of his intent to file this brief, as well as apprising Respondent-Mother of her right to file a pro se brief with this Court. Evidence of this communication is attached to the no-merit brief. *See* N.C.R. App. P. 3.1(e). Further, while Respondent-Mother had the right to file a pro se brief supplemental to a Rule 3.1(e) no-merit brief, no such right exists as to a Rule 28 brief involving issues of alleged merit, and the allegedly meritorious issue here was improperly included in counsel's no-merit brief. *See* N.C.R. App. P. 28 (governing "Briefs—Function and Content"); *see also* N.C.R. App. P. 3.1(e). As such, Respondent-Mother was not deprived of her right to meaningful appellate review. *See In re L.E.M.*, 372 N.C. at 402, 831 S.E.2d at 345.

## IV. Conclusion

Upon our independent review of the two claims Respondent-Mother's counsel has identified as arguably supporting appeal, we find no merit to either of these claims, and accordingly affirm the trial court's order. Further, counsel's remaining

claim in his no-merit brief is in contravention of the scope of this appeal and our appellate review, and we therefore dismiss this claim.

AFFIRMED in part, and DISMISSED in part.

Judges GRIFFIN and THOMPSON concur.