An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-138

Filed 1 October 2025

Watauga County, No. 23JT000003-940

IN THE MATTER OF: K.N.F.

Appeal by respondent-mother from order entered 9 October 2024 by Judge Matthew J. Rupp in District Court, Watauga County. Heard in the Court of Appeals 6 August 2025.

>*Anné C. Wright for petitioner-appellee Watauga County Department of Social Services.*

>*Administrative Office of the Courts NC GAL Appellate Counsel Matthew D. Wunsche for guardian ad litem.*

>*Office of the Parent Defender, by Deputy Parent Defender Annick Lenoir-Peek and Parent Defender Wendy C. Sotolongo, for respondent-appellant-mother.*

PER CURIAM.

Mother appeals from an order terminating her parental rights to Kenzie.[1] Mother's appellate counsel has filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. After careful review, we are unable to identify any error below and affirm the trial court's order.

---

[1] We use a pseudonym to protect the juvenile's identity.

## I.    Factual and Procedural History

On 26 January 2023, the Watauga County Department of Social Services (DSS) received a report alleging an "injurious environment due to substance abuse" regarding five-year-old Kenzie and her newborn brother.  The DSS investigation revealed that Mother "had little pre-natal care" during her pregnancy with her son[2] and that she tested positive for buprenorphine and THC when she entered the hospital to give birth.  DSS filed a juvenile petition on 30 January 2023 alleging that Kenzie was a neglected juvenile because her "parent, guardian, custodian, or caretaker creates or allows to be created a living environment that is injurious to the juvenile's welfare."  Kenzie remained in the custody of Mother and her father.[3]

After a 27 February 2023 adjudication and interim disposition hearing, Kenzie was adjudicated neglected, based on the parents' stipulations; the order was entered on 4 April 2023.  On 31 March 2023, the trial court held an initial disposition hearing; it entered a disposition order on 17 April 2023.  On the day of the disposition hearing, the trial court removed Kenzie from her parents' custody and placed her in DSS's custody due to the "[p]arents lack of progress on their case plans, substance use, [Mother's] positive drug screen in [c]ourt, and [Mother] refusing to cooperate with DSS in addressing [Kenzie]'s lack of enrollment in school despite her age."

---

[2] Mother's son is not subject to this appeal; Mother and the father relinquished their parental rights to their son on 24 August 2023.

[3]The trial court terminated both Mother and Kenzie's father's parental rights in the same order; however, Kenzie's father did not appeal that order.

Mother entered a case plan with DSS that same day. Under the plan, Mother was required to, among other things: "[c]omplete mental health and substance abuse assessments at Daymark"; "[f]ollow all recommendations and sign releases of information"; "[p]rovide weekly drug screens"; "[s]chedule and attend all necessary medical appointments for [Kenzie]"; and "[c]omplete parenting classes and demonstrate learned skills."

DSS filed a motion for termination of parental rights on 24 May 2024. Although the termination hearing was originally scheduled for 25-26 July 2024, Mother's counsel filed a motion to continue because Mother was incarcerated. The trial court continued the termination hearing for 26-27 August 2024. Mother attended court on 26 August, but the matter was not called. The next day, 27 August, Mother's counsel requested another continuance, explaining that Mother was sick and did not have gas in the car she was borrowing. DSS objected to the continuance because the hearing was already "outside of our 90 days, which is the presumptive time period you have a termination of parental rights hearing heard." The trial court denied the continuance, stating that because Mother had been at court the previous day, it "believe[d] that she could, if willing, . . . be here today or at least provide some sort of medical excuse for why she's not present at court today."

By order entered 9 October 2024, the trial court terminated Mother's parental rights. The trial court found that Mother was diagnosed with "a severe Cannabis use disorder," "a severe dependency on methamphetamine," and "moderate borderline

personality order"; additionally, Mother had "been taking unprescribed Subutex for 8 years" and admitted that she "'do[es] any kind of pain pill.'" Although Mother had completed an assessment at Daymark and had submitted a drug screen in August 2023, the court found that the drug screen "came back positive for illegal substances" and thereafter, Mother failed to follow the assessment's recommendations and did not provide "consistent dug screening." The trial court also found that Mother: had "been arrested for substance-related charges and was incarcerated from [29 March] 2024 until [6 April] 2024"; had no driver's license and no "reliable means of transportation"; left temporary housing and was homeless since the summer of 2023; "did not exhibit a knowledge of skills [taught at parenting classes] and did not apply these learned skills during observed visitations"; failed to "schedule and attend necessary medical appointments for [Kenzie]"; did not maintain consistent contact with DSS; and "continue[d] to test positive for illegal substances, testing positive for THC, methamphetamine, amphetamine" on 24 June 2024 and "test[ing] positive for THC and methamphetamine in March 2024."

The trial court concluded that there were three grounds to terminate Mother's parental rights under North Carolina General Statute Section 7B-1111(a): (1) neglect under Section 7B-1111(a)(1); (2) willful failure to make reasonable progress to correct the conditions that led to Kenzie's removal under Section 7B-1111(a)(2); and (3) incapability to provide for Kenzie's care and supervision under Section 7B-1111(a)(6). As to Kenzie, the trial court found that she was "in a prospective adoptive placement"

with the foster family that she was placed with on 31 March 2023. The court found that Kenzie: "is very bonded to her foster family, and they are willing to adopt"; has made "phenomenal" progress in school; and has "close relationships with children at the church she attends regularly." Ultimately, the trial court determined that "[i]t is in the best interests of [Kenzie] for the parental rights of . . . Mother . . . to be terminated."

Mother timely appealed.

## II. Analysis

Mother's counsel has filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. *See* N.C. R. App. P. 3.1(e) ("When counsel for the appellant concludes that there is no issue of merit on which to base an argument for relief, counsel may file a no-merit brief. . . . In the no-merit brief, counsel must identify any issues in the record on appeal that arguably support the appeal and must state why those issues lack merit or would not alter the ultimate result."). Mother's counsel also informed Mother in writing of her right to file a *pro se* appellant brief and instructions; however, Mother failed to do so.

Mother's counsel identified three potential issues in her no-merit brief: (1) "[t]he trial court erred in denying a continuance of the hearing to ensure . . . [M]other's attendance"; (2) "[t]he trial court erred in finding that grounds existed to terminate . . . [M]other's parental rights"; and (3) "[t]he trial court abused its discretion in finding that it was the best interests of [Kenzie] to terminate . . .

[M]other's parental rights." When a no-merit brief is filed under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure, this Court must "conduct an independent review of the issues set out in the no-merit brief filed by respondent's counsel." *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019).

As to Mother's motion to continue, our Supreme Court has held that if a "respondent-parent fails to assert a constitutional basis in support of his or her motion to continue, . . . we are constrained to review the trial court's denial of a motion to continue for abuse of discretion." *In re C.A.B.*, 381 N.C. 105, 112, 871 S.E.2d 468, 474 (2022) (citation, quotation marks, and brackets omitted). Mother did not assert a constitutional basis for her motion before the trial court.

Regarding Mother's second proposed issue on the three grounds the trial court found for terminating Mother's parental rights, this Court has explained:

> At the adjudicatory stage of a termination of parental rights hearing, the burden is on the petitioner to prove by clear, cogent, and convincing evidence that at least one ground for termination exists. Review in the appellate courts is limited to determining whether clear, cogent, and convincing evidence was presented to support the findings of fact, and whether the findings of fact support the conclusions of law.

*In re O.J.R.*, 239 N.C. App. 329, 332, 769 S.E.2d 631, 634 (2015) (citations omitted).

As to Mother's third proposed issue, this Court applies "an abuse of discretion standard of review to the trial court's determination of whether terminating the parent's rights is in the juvenile's best interest under [North Carolina General

Statute Section] 7B-1110(a)." *In re Z.A.M.*, 374 N.C. 88, 99, 839 S.E.2d 792, 800 (2020) (citations and quotation marks omitted). Under an abuse of discretion standard, "we defer to the trial court's decision unless it is manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 100, 839 S.E.2d at 800.

After carefully reviewing the transcript and record, we find no merit in counsel's three potential issues because (1) the trial court did not abuse its discretion in denying Mother's continuance; (2) the trial court's findings of fact are supported by clear, cogent, and convincing evidence and the findings support the conclusions of law; and (3) the trial court did not abuse its discretion in determining that it was in Kenzie's best interest to terminate Mother's parental rights. *See In re L.E.M.*, 372 N.C. at 402, 831 S.E.2d at 345.

## III.

We affirm the trial court's order terminating Mother's parental rights to Kenzie.

AFFIRMED.

Panel consisting of Judges STROUD, WOOD, and FLOOD.

Report per Rule 30(e).