An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-977

Filed 1 April 2026

Union County, No. 23JT000078-890

In re: R.B.

Appeal by respondent-mother from order entered 6 May 2025 by Judge Erin Hucks in Union County District Court. Heard in the Court of Appeals 10 March 2026.

*Marc S. Gentile for petitioner-appellee Union County Department of Social Services and Poyner Spruill, by J.M. Durnovich, for appellee guardian ad litem.*

*Jason Senges for respondent-appellant mother.*

ZACHARY, Judge.

Respondent-Mother appeals from the trial court's order terminating her parental rights to her minor child, Ruby.[1] Counsel for Respondent-Mother filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure, identifying three issues that could arguably support an appeal but also stating why those issues lack merit. Counsel states that he has "conducted a conscientious and thorough review of the record on appeal, verbatim transcript of the hearing, and all materials in the underlying file" and determined that "the record does not contain an

---

[1] We employ a pseudonym to protect the identity of the juvenile. *See* N.C.R. App. P. 42(b).

issue of merit to be argued to seek relief from the order and the appeal would be frivolous." Moreover, counsel has complied with the requirements of Rule 3.1(e) by advising Respondent-Mother of her right to file her own written arguments with this Court and providing her with the materials necessary to do so. Respondent-Mother has not filed any written arguments with this Court and a reasonable time in which she could have done so has passed.

The three issues identified by counsel are whether: (1) "the trial court erred by finding [Respondent-]Mother was likely to neglect the juvenile in the future and grounds exist[ed] to terminate her parental rights under" N.C. Gen. Stat. § 7B-1111(a)(1); (2) "the court erred by finding grounds to terminate the parental rights of Respondent-Mother under" N.C. Gen. Stat. § 7B-1111(a)(6); and (3) "termination of the parental rights of Respondent-Mother was in the best interest of the juvenile." Counsel has reviewed these issues and concluded that each of them "lacks merit or would not alter the ultimate result" but "requests on his client's behalf that this Court conduct its own examination of the record and the issues considered to determine if counsel has overlooked an error upon which Respondent-Mother is entitled to relief."

"Rule 3.1(e) of the Rules of Appellate Procedure plainly contemplates appellate review of the issues contained in a no-merit brief." *In re K.M.S.*, 380 N.C. 56, 59, 867 S.E.2d 868, 870 (2022) (cleaned up). Our Supreme Court has highlighted "the significant interest of ensuring that orders depriving parents of their fundamental right to parenthood are given meaningful appellate review"; accordingly, "an

independent review will be conducted of the issues identified" in a no-merit brief. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019).

We have reviewed the three issues identified by counsel in the no-merit brief, as well as the record as a whole, and are satisfied that the trial court's order terminating Respondent-Mother's parental rights is supported by clear, cogent, and convincing evidence and is based on proper legal grounds. *In re E.H.P.*, 372 N.C. 388, 392, 831 S.E.2d 49, 52 (2019). Further, the court did not abuse its discretion in determining that it was in Ruby's best interests to terminate Respondent-Mother's parental rights. *Id.* Accordingly, we affirm the trial court's order terminating Respondent-Mother's parental rights.

AFFIRMED.

Chief Judge DILLON and Judge COLLINS concur.

Report per Rule 30(e).