IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-143

 No. 109A21

 Filed 5 November 2021

 IN THE MATTER OF: P.R.F., S.G.F., Z.N.V., and M.A.V.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 17

 December 2020 by Judge Mark L. Killian in District Court, Burke County. This

 matter was calendared for argument in the Supreme Court on 30 September 2021

 but determined on the record and briefs without oral argument pursuant to Rule 30(f)

 of the North Carolina Rules of Appellate Procedure.

 Mona E. Leipold for petitioner-appellee Burke County Department of Social
 Services.

 Mark D. Frederick for appellee Guardian ad Litem.

 Anné C. Wright for respondent-appellant mother.

 PER CURIAM.

¶1 Respondent-mother appeals from the trial court’s order terminating her

 parental rights in her minor children P.R.F., S.G.F., Z.N.V., and M.A.V, aged three,

 seven, twelve, and fourteen, respectively, at the time of termination.1 Respondent-

 mother’s appellate counsel has filed a no-merit brief on her client’s behalf pursuant

 1 The children will respectively be referred to throughout the remainder of this opinion

 using the pseudonyms Pat, Sara, Zed, and Meg, as consistent with the briefing in this case,
 for ease of reading and to protect the identity of the juveniles.
 IN RE P.R.F., S.G.F., Z.N.V., AND M.A.V.

 2021-NCSC-143

 Opinion of the Court

 to N.C. R. App. P. 3.1(e). After careful consideration of the record in light of the

 applicable law, we conclude that the issues identified by respondent-mother’s

 appellate counsel as potentially supporting an award of relief from the trial court's

 termination order lack merit and therefore affirm the trial court’s order.

¶2 In May 2018, a social worker with the Burke County Department of Social

 Services (BCDSS) visited respondent-mother’s home following a report of concerns of

 injurious environment, improper discipline, and substance abuse. After

 acknowledging daily marijuana use, respondent-mother agreed with BCDSS’s

 request to place the children in a safety resource placement with family members and

 friends.

¶3 On 1 July 2018, the family taking care of Pat took him to the emergency room

 when he was having difficulty breathing. Subsequent imaging at Levine Children’s

 Hospital revealed that Pat suffered from a heart condition that should have been

 addressed earlier. Later that month, Zed and Meg were seen for a Child Medical

 Exam during which they described seeing respondent-mother and her husband use

 marijuana and engage in domestic violence.

¶4 On 30 July 2018, BCDSS filed a petition alleging that the four children were

 neglected juveniles. On 20 September 2018, BCDSS filed a new petition alleging that

 Pat was a neglected and dependent juvenile. That same day, the trial court granted

 non-secure custody of Pat to BCDSS. On 8 November 2018, the trial court entered an
 IN RE P.R.F., S.G.F., Z.N.V., AND M.A.V.

 2021-NCSC-143

 Opinion of the Court

 order adjudicating Sara, Zed, and Meg to be neglected juveniles, and adjudicating Pat

 to be a neglected and dependent juvenile. BCDSS gained custody of the children, and

 respondent-mother was given one hour of supervised visitation per week with the

 older three children and was allowed to attend Pat’s ongoing medical appointments.

¶5 The trial court ordered respondent-mother to enter into a case plan with

 BCDSS and required that before she could reunite with her children, respondent-

 mother must: complete domestic violence, mental health, and substance abuse

 assessments and follow all recommendations; submit to random drug screens; obtain

 safe, sanitary, and stable housing; obtain legal and verifiable income; complete an

 age-appropriate parenting program; and ensure that the health needs of the children

 were met.

¶6 Respondent-mother entered into the case plan as ordered and made some

 progress toward addressing some of its goals, in that she completed parenting

 education, completed a domestic violence assessment, obtained consistent

 employment, and participated in some visitations with the children. However, she

 missed several random drug screens, and tested positive for marijuana on several

 other occasions. Respondent-mother missed several visitation appointments due to

 her work schedule or failing to confirm the visits 48 hours in advance. As a result of

 respondent-mother’s 9 January 2020 mental health assessment, the psychologist

 diagnosed her with borderline personality disorder, obsessive compulsive disorder,
 IN RE P.R.F., S.G.F., Z.N.V., AND M.A.V.

 2021-NCSC-143

 Opinion of the Court

 and cannabis use disorder. During this case-plan period, respondent-mother

 contributed zero dollars to the cost of care of her children until August 2020, when

 child support began to be garnished from her wages.

¶7 On 21 January 2020, BCDSS filed a petition seeking to terminate respondent-

 mother’s parental rights. The substantive portions of the adjudication stage of the

 termination of parental rights process were heard on 14, 27, and 28 August 2020, and

 the disposition stage occurred on 24 September 2020.

¶8 On 17 December 2020, the trial court entered an order terminating

 respondent-mother’s parental rights.2 Specifically, the trial court concluded that

 grounds had been proven by clear, cogent, and convincing evidence to terminate

 respondent-mother’s parental rights pursuant to: N.C.G.S. § 7B-1111(a)(1) (neglected

 the juveniles); N.C.G.S. § 7B-1111(a)(3) (willfully failed to pay a reasonable portion

 of cost of care for the juveniles although physically and financially able to do so);

 N.C.G.S. § 7B-1111(a)(6) (dependency); and N.C.G.S. § 7B-1111(a)(7) (willful

 abandonment of the juveniles). After considering the requisite criteria under

 N.C.G.S. § 7B-1110, the trial court found that termination was in the best interests

 of the juveniles. Respondent-mother timely filed a notice of appeal on 7 January 2021.

¶9 As noted above, respondent-mother’s appellate counsel has filed a no-merit

 2 The trial court also terminated the parental rights of one father and an unknown

 father, while a third father relinquished his parental rights prior to the termination hearing.
 None of the fathers are a party in this appeal.
 IN RE P.R.F., S.G.F., Z.N.V., AND M.A.V.

 2021-NCSC-143

 Opinion of the Court

 brief on her client’s behalf as authorized by N.C. R. App. P. Rule 3.1(e). In her no-

 merit brief, respondent-mother’s appellate counsel asserted that the trial court’s

 conclusions of law that grounds had been proven to terminate respondent-mother’s

 parental rights on the basis of subsections (a)(1), (6), and (7) of N.C.G.S. § 7B-1111

 were not supported by competent findings of fact or evidence. However, respondent-

 mother’s appellate counsel found no merit to the argument that the trial court’s

 conclusion that grounds for termination had been proven on the basis of N.C.G.S. §

 7B-1111(a)(3) lacked competent findings of fact or evidence.

¶ 10 N.C.G.S. § 7B-1111(a)(3) provides that a parent’s parental rights may be

 terminated when it is shown by clear, cogent, and convincing evidence that a parent

 of a juvenile in the custody of a county department of social services, a licensed child-

 placing agency, a child-caring institution, or a foster home has “for a continuous

 period of six months immediately preceding the filing of the petition or motion

 willfully failed to pay a reasonable portion of the cost of care for the juvenile although

 physically and financially able to do so.” N.C.G.S. § 7B-1111(a)(3) (2019). This Court

 has held that “absence of a court order, notice, or knowledge of a requirement to pay

 support is not a defense to a parent’s obligation to pay reasonable costs, because

 parents have an inherent duty to support their children.” In re S.E., 373 N.C. 360,

 366 (2020); see also In re J.A.E.W., 375 N.C. 112, 117–18 (2020). Rather, “[w]here a

 parent has the ability to pay some amount greater than zero but pays nothing, the
 IN RE P.R.F., S.G.F., Z.N.V., AND M.A.V.

 2021-NCSC-143

 Opinion of the Court

 parent has failed to pay a reasonable portion of the cost of care within the meaning

 of N.C.G.S. § 7B-1111(a)(3).” In re J.M., 377 N.C. 298, 2021-NCSC-48, ¶ 29.

¶ 11 Here, respondent-mother’s appellate counsel asserts that the trial court made

 findings of fact indicating that respondent-mother willingly failed to pay child

 support or reasonably contribute to the cost of care for the juveniles during the six

 months prior to the filing of the petition to terminate parental rights despite having

 the funds and ability to do so. Specifically, the trial court found that while respondent-

 mother maintained consistent employment in the months before the petition was filed

 and had in excess of $10,000 in her savings account as of March 2020, she did not pay

 any child support or for the juveniles’ reasonable cost of care, and conditioned

 payment on her ability to see the juveniles. Respondent-mother’s appellate counsel

 found that any argument against these trial court findings would be without merit.

¶ 12 Because “an adjudication of any single ground in N.C.G.S. § 7B-1111(a) is

 sufficient to support a termination of parental rights[,]” respondent-mother’s

 appellate counsel did not address the additional grounds that the trial court

 determined had been proven for the termination of respondent-mother’s parental

 rights. In re E.H.P., 372 N.C. 388, 395 (2019).

¶ 13 Additionally, respondent-mother’s appellate counsel asserted that the trial

 court here conducted the required analysis regarding the best interests of the

 children. A trial court’s best interests determination must be based on the criteria set
 IN RE P.R.F., S.G.F., Z.N.V., AND M.A.V.

 2021-NCSC-143

 Opinion of the Court

 forth in N.C.G.S. § 7B-1110, and is reviewed on appeal for abuse of discretion. Here,

 respondent-mother’s appellate counsel’s no-merit brief noted that the trial court

 considered these criteria in its best interests determination, including the children’s

 ages, the children’s likelihood of adoption, whether termination would aid in

 accomplishment of the permanent plan, the bond between respondent-mother and

 the children, and the bond between the children and their foster families.

 Accordingly, respondent-mother’s appellate counsel asserted that she could not make

 a meritorious argument that the trial court erred by determining that termination of

 respondent-mother’s parental rights was in Pat’s, Sara’s, Zed’s, and Meg’s best

 interests.

¶ 14 Finally, respondent-mother’s appellate counsel duly advised respondent-

 mother of her right to file pro se written arguments on her own behalf. Respondent-

 mother has not, however, submitted any written arguments for our consideration.

¶ 15 This Court independently reviews issues identified by counsel in a no-merit

 brief filed pursuant to N.C. R. App. P. 3.1(e) for the purpose of determining if any of

 those issues have potential merit. In re L.E.M., 372 N.C. 396, 402 (2019). After a

 careful review of the issues identified in the no-merit brief filed by respondent-

 mother’s appellate counsel in light of the record and applicable law, we are satisfied

 that the findings of fact contained in the trial court’s termination order have ample

 record support and that the trial court did not err or abuse its discretion in
 IN RE P.R.F., S.G.F., Z.N.V., AND M.A.V.

 2021-NCSC-143

 Opinion of the Court

determining that respondent-mother’s parental rights in the children were subject to

termination and that the termination of respondent-mother’s parental rights would

be in the children’s best interests. As a result, we affirm the trial court’s order

terminating respondent-mother’s parental rights in Pat, Sara, Zed, and Meg.

 AFFIRMED.