IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-136

 No. 193A21

 Filed 5 November 2021

 IN THE MATTER OF: J.G.S.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 4

 March 2021 by Judge Burford A. Cherry in District Court, Burke County. This matter

 was calendared in the Supreme Court on 30 September 2021 but determined on the

 record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina

 Rules of Appellate Procedure.

 J. Thomas Diepenbrock for respondent-appellant father.

 Amanda C. Perez for petitioner-appellee Burke County Department of Social
 Services.

 Michelle FormyDuval Lynch for appellee Guardian ad Litem.

 NEWBY, Chief Justice.

¶1 Respondent-father appeals from the trial court’s order terminating his

 parental rights to J.G.S. (Jamal).1 Counsel for respondent-father has filed a no-merit

 brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We

 conclude that the issues identified by counsel in respondent-father’s brief as arguably

 supporting the appeal are meritless and therefore affirm the trial court’s order.

 1 A pseudonym is used in this opinion to protect the juvenile’s identity and for ease of

 reading.
 IN RE J.G.S.

 2021-NCSC-136

 Opinion of the Court

¶2 This case arises from a termination action filed by Burke County Department

 of Social Services (DSS). Jamal was born on 24 December 2011 to mother and

 respondent-father. On 15 January 2019, while Jamal was living with his mother and

 half-siblings,2 DSS filed a juvenile petition alleging Jamal was a neglected and

 dependent juvenile. The petition alleged that respondent-father had not been an

 active caregiver for Jamal, that he was incarcerated at the Marion Correctional

 Facility due to his conviction of robbery with a dangerous weapon, and that he would

 not be released from prison until 2025. On 1 May 2019, Jamal was adjudicated a

 neglected and dependent juvenile.

¶3 On 23 September 2020, DSS filed a motion to terminate respondent-father’s

 parental rights. At the termination hearing on 5 February 2021, a DSS social worker,

 Lori Potter, testified that in the six months prior to the filing of the motion to

 terminate parental rights, respondent-father did not provide any support or inquire

 into Jamal’s health, safety, or welfare. Ms. Potter also testified that Jamal did not

 remember meeting respondent-father but recalled that he was in prison. Respondent-

 father testified that he had been incarcerated since 21 April 2015 and that his

 projected release date is 12 July 2025. He also testified that he had only seen Jamal

 two times. The trial court entered an order on 4 March 2021 in which it determined

 2 Jamal’s mother, his half-siblings, and the respective fathers of his half-siblings are

 not parties to this appeal.
 IN RE J.G.S.

 2021-NCSC-136

 Opinion of the Court

 grounds existed to terminate respondent-father’s parental rights for neglect, willfully

 leaving the juvenile in placement outside the home without correcting the conditions

 that led to his removal, dependency, and willful abandonment. N.C.G.S.

 § 7B-1111(a)(1), (2), (6), (7) (2019). The trial court further concluded it was in Jamal’s

 best interests that respondent-father’s parental rights be terminated.

¶4 Counsel for respondent-father has filed a no-merit brief on his client’s behalf

 under Rule 3.1(e) of the Rules of Appellate Procedure.3 Counsel identified five issues

 that could arguably support an appeal but also explained why he believed these issues

 lack merit. Counsel has advised respondent-father of his right to file pro se written

 arguments on his own behalf and provided him with the documents necessary to do

 so. Respondent-father has not submitted written arguments to this Court.

¶5 We carefully and independently review issues identified by counsel in a

 no-merit brief filed under Rule 3.1(e) in light of the entire record. In re L.E.M., 372

 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting this review, we are

 satisfied the trial court’s 4 March 2021 order is supported by clear, cogent, and

 3 In respondent-father’s notice of appeal, he erroneously designated the Court of
 Appeals, rather than this Court, as the judicial body to which his appeal would lie. At the
 time respondent-father gave notice of appeal, however, this Court was the only judicial body
 to which he could appeal. See N.C.G.S. § 7A-27(a)(5) (2019); N.C.G.S. § 7B-1001(a1)(1) (2019).
 Therefore, we elect to treat respondent-father’s brief as a petition for certiorari and issue that
 writ authorizing review of his challenges to the trial court’s termination order. See In re
 N.D.A., 373 N.C. 71, 73–74, 833 S.E.2d 768, 771 (2019).
 IN RE J.G.S.

 2021-NCSC-136

 Opinion of the Court

convincing evidence and based on proper legal grounds. Accordingly, we affirm the

trial court’s order terminating respondent-father’s parental rights.

 AFFIRMED.