IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-159

No. 162A21

Filed 17 December 2021

IN THE MATTER OF: Z.J.M.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 24 March 2021 by Judge V.A. Davidian III in District Court, Wake County. This matter was calendared for argument in the Supreme Court on 12 November 2021 but determined on the record and brief without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*No brief for petitioner-appellee Amazing Grace Adoptions.*

*Mary McCullers Reece for respondent-appellant father.*

NEWBY, Chief Justice.

¶ 1 Respondent-father appeals from the trial court's order terminating his parental rights to Z.J.M. (Zeke).[1] Counsel for respondent filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure. We conclude that the issues identified by counsel in respondent's brief as arguably supporting the appeal are meritless and therefore affirm the trial court's order.

---

[1] A pseudonym is used in this opinion to protect the juvenile's identity and for ease of reading.

¶ 2        This case arises from a private termination action filed by petitioner, Amazing Grace Adoptions. In the spring of 2019, respondent and Zeke's mother were in a relationship. In April 2019, the mother called respondent and told him she was pregnant, though respondent did not believe her. Respondent came to the mother's residence where she showed him the positive pregnancy test. Respondent then left the mother's residence with the pregnancy test. Afterward, respondent and the mother ended their relationship; they were never married. Respondent did not appear again until the day Zeke was born, failing to take any action during the pregnancy or assist the mother with expenses for prenatal care.

¶ 3        On 10 December 2019, the day of Zeke's birth, a friend of the mother called respondent and told him the mother was in labor. Respondent came to the hospital and spent several hours there. Though respondent held Zeke and requested to sign the birth certificate, he did not sign anything at that time. Respondent then left the hospital and was unable to return. On 11 December 2019, the mother surrendered custody to petitioner and executed a relinquishment of her parental rights pursuant to N.C.G.S. § 48-3-701 (2019). Zeke was placed with his adoptive family on 19 December 2019 when he was nine days old. In the meantime, respondent and the mother exchanged text messages from the time Zeke was born until January 2020. Though respondent inquired about Zeke, he did not provide any support other than paying $150 for the mother's car repair in late December 2019.

¶ 4        On 15 January 2020, petitioner filed a petition to terminate respondent's parental rights. Though respondent filed an action seeking custody of the minor child on 19 January 2020, he did not file a petition to legitimate the child. At the termination hearing, petitioner submitted into evidence an affidavit from the North Carolina Department of Health and Human Services stating that no affidavit of paternity had been received. The mother also testified that she never received paperwork concerning a legitimation of paternity action nor any financial support from respondent. Respondent's paternity has not been determined judicially or by scientific means.

¶ 5        Based on all the evidence, the trial court found respondent did not establish paternity under any of the five prongs in N.C.G.S. § 7B-1111(a)(5) (2019). Thus, the trial court concluded that a ground for termination of respondent's parental rights existed under N.C.G.S. § 7B-1111(a)(5). The trial court also concluded it was in Zeke's best interests to terminate respondent's parental rights. Accordingly, the trial court terminated respondent's parental rights.

¶ 6        Counsel for respondent filed a no-merit brief on her client's behalf under Rule 3.1(e) of the Rules of Appellate Procedure, identifying issues that could arguably support an appeal but also stating why these issues lacked merit. Counsel noted that the mother "was not forthcoming about her plan to put the child up for adoption." Because the requirements in N.C.G.S. § 7B-1111(a)(5) are "bright line requirements,"

however, counsel concluded the trial court's order complied with the statute. *See A Child's Hope, LLC v. Doe*, 178 N.C. App. 96, 104, 630 S.E.2d 673, 678 (2006) (citing *In re Byrd*, 354 N.C. 188, 194, 552 S.E.2d 142, 146 (2001)) (stating that N.C.G.S. § 7B-1111(a)(5) "necessarily establish[es] bright line requirements"). Moreover, though the mother made respondent's access to Zeke more difficult, counsel concluded the trial court likely did not err in determining that termination of respondent's parental rights was in Zeke's best interests. Finally, counsel advised respondent of his right to file pro se written arguments on his own behalf and provided him with the documents necessary to do so. Respondent has not submitted written arguments to this Court.

¶ 7        We carefully and independently review issues identified by counsel in a no-merit brief filed under Rule 3.1(e) in light of the entire record. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). After conducting this review, we are satisfied the trial court's 24 March 2021 order is supported by clear, cogent, and convincing evidence and based on proper legal grounds. Accordingly, we affirm the trial court's order terminating respondent's parental rights.

AFFIRMED.