An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-678

Filed 2 July 2025

Stokes County, Nos. 19JT000008-840, 19JT000009-840

In re: G.T.N., S.A.N.

Appeal by respondent-mother and respondent-father from order entered 3 April 2024 by Judge Marion Boone in Stokes County District Court. Heard in the Court of Appeals 10 June 2025.

> *Jeffrey L. Miller, for appellant-respondent-father.*
>
> *Parent Defender Wendy C. Sotolongo by Sr. Assistant Parent Defender J. Lee Gilliam for appellant-respondent-mother.*
>
> *Attorney James N. Freeman, Jr., GAL Appellate Attorney for GAL.*
>
> *Attorney Jennifer Oakley Michaud, Stokes County DSS for petitioner-appellee.*

PER CURIAM.

Respondent-Mother ("Mother") and Respondent-Father ("Father") appeal from identical Adjudication and Disposition orders terminating their parental rights. Counsel for both Mother and Father filed a no-merit briefs under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure.

Counsel filing a Rule 3.1(e) no-merit brief is required to "identify any issues in the record on appeal that arguably support the appeal and must state why those issues lack merit or would not alter the ultimate result." N.C. R. App. P. 3.1(e) (2023). Here, both counsel fully complied with all the requirements of Rule 3.1(e).

Mother's counsel identified two issues for our independent review: (1) whether the trial court had the jurisdiction to hold a termination hearing and (2) whether the trial court erred in terminating Mother's parental rights solely based on neglect.

Father's counsel also identified two issues for our independent review: (1) whether there was competent evidence sufficiently clear, cogent, and convincing to support the trial court's finding of fact, and whether the findings of fact were sufficient to support the trial court's conclusions of law to terminate Father's parental rights; and (2) whether the trial court abused its discretion by concluding that Father's termination of parental rights was in the best interests of the child.

This Court conducts an independent review of the issues raised in the no-merit brief. *In re L.E.M.*, 372 N.C. 396, 402 (2019). "[T]he text of Rule 3.1([e]) plainly contemplates appellate review of the issues contained in a no-merit brief." *Id.* "[W]e are satisfied that the trial court's order terminating [both Mother's and Father's] parental rights is supported by clear, cogent, and convincing evidence and is based on proper legal grounds." *In re K.M.S.*, 380 N.C. 56, 59, (2022). Accordingly, we affirm the trial court's order.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges CARPENTER and MURRY.

Report per Rule 30(e).