An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-66

Filed 20 August 2025

Guilford County, No. 22JT000051-400

IN THE MATTER OF: S.S.L.

Appeal by respondent-father from order entered 14 October 2024 by Judge Brian K. Tomlin in Guilford County District Court. Heard in the Court of Appeals 31 July 2025.

> *Mercedes O. Chut for petitioner-appellee Guilford County Department of Health and Human Services.*

> *Poyner Spruill LLP, by Clare W. Magee, for appellee guardian ad litem.*

> *Robinson & Lawing, LLP, by Christopher M. Watford, for respondent-appellant father.*

ZACHARY, Judge.

Respondent-Father appeals from the trial court's order terminating his parental rights to his minor child, "Sophia."[1] After careful review, we affirm.

## I. Background

---

[1] To protect the identity of the minor child, we refer to the child by the pseudonym adopted by the parties. *See* N.C.R. App. P. 42(b). We further note that Respondent-Mother has not appealed from the trial court's order, which also terminated her parental rights to Sophia. Consequently, Respondent-Mother is not a party to this appeal.

Sophia was born in June 2016. The Guilford County Department of Health and Human Services ("DHHS") became involved with Sophia in November 2021, after receiving a Child Protective Services report alleging domestic violence between Respondent-Mother and the father of Sophia's half-sister.

On 27 April 2022, DHHS filed a juvenile petition alleging that Sophia was a neglected and dependent juvenile. The trial court entered an order for nonsecure custody that day; DHHS removed Sophia from Respondent-Mother's custody and placed Sophia in foster care.

The juvenile petition came on for hearing on 30 June 2022 in Guilford County District Court; Respondent-Father, who was living in Oklahoma at the time, attended part of the hearing via Webex videoconference. On 17 November 2022, the trial court entered an adjudication and disposition order adjudicating Sophia as neglected and dependent, and continuing her placement in the custody of DHHS. In compliance with this order, Respondent-Father submitted to a paternity test, which verified that he was Sophia's biological father, and he entered into a service agreement with DHHS.

On 13 October 2023, DHHS filed a petition to terminate Respondent-Father's parental rights to Sophia. The petition came on for hearing in Guilford County District Court on 5 August 2024. By order entered on 14 October 2024, the trial court, *inter alia*, terminated Respondent-Father's parental rights based on the grounds of 1) neglect; 2) willfully leaving Sophia in foster care for more than 12 months without

making reasonable progress; and 3) willful abandonment. *See* N.C. Gen. Stat. § 7B-1111(a)(1)–(2), (7) (2023). The court also determined that terminating Respondent-Father's parental rights was in Sophia's best interest.

Respondent-Father timely filed notice of appeal.

## II.    Discussion

Respondent-Father's counsel filed a no-merit brief pursuant to N.C.R. App. P. 3.1(e), stating that: "[a]fter a thorough and conscientious review of the transcript and the underlying record," he has "conclude[d] that there is no issue of merit on which to base an argument for relief." Counsel has complied with the requirements of Rule 3.1(e) by advising Respondent-Father of his right to file his own written arguments with this Court and providing him with the materials necessary to do so. Respondent-Father has not filed any written arguments with this Court and a reasonable time in which he could have done so has passed.

Because of "the significant interest of ensuring that orders depriving parents of their fundamental right to parenthood are given meaningful appellate review," this Court is required to "conduct an independent review of the issues set out in the no-merit brief filed by respondent's counsel." *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E.2d 341, 345 (2019). Appellate courts "review a district court's adjudication under [N.C. Gen. Stat.] § 7B-1111(a) to determine whether the findings are supported by clear, cogent and convincing evidence and the findings support the conclusions of law." *In re J.S.*, 374 N.C. 811, 814, 845 S.E.2d 66, 70 (2020) (cleaned up).

"The trial court's conclusions of law are reviewable de novo on appeal," *In re I.J.W.*, 378 N.C. 17, 21, 859 S.E.2d 148, 151 (2021) (citation omitted), while "[t]he trial court's assessment of a juvenile's best interests is reviewed solely for abuse of discretion," *In re S.M.*, 380 N.C. 788, 791, 869 S.E.2d 716, 722 (2022).

We have conducted an independent review of the four potential issues Respondent-Father's counsel identified as well as the entire record. Based upon our review, we conclude that the trial court's findings of fact supporting the grounds for termination were supported by clear, cogent, and convincing evidence. *See J.S.*, 374 N.C. at 814, 845 S.E.2d at 70. Furthermore, the court did not abuse its discretion in determining that it was in Sophia's best interest to terminate Respondent-Father's parental rights. *See S.M.*, 380 N.C. at 791, 869 S.E.2d at 722.

## III.    Conclusion

For the foregoing reasons, we affirm the trial court's order terminating Respondent-Father's parental rights to Sophia.

AFFIRMED.

Judges TYSON and GRIFFIN concur.

Report per Rule 30(e).