An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-500

Filed 1 October 2025

Watauga County, No. 21JT000017-940

IN THE MATTER OF: K.A.

Appeal by Respondent-Father from Order entered 4 March 2025 by Judge Matthew Rupp in Watauga County District Court. Heard in the Court of Appeals 22 September 2025.

*No brief filed for Petitioner-Appellee.*

*Parent Defender Annick Lenoir-Peek for Respondent-Appellant Father.*

PER CURIAM.

Respondent-Father appeals from an Order terminating his parental rights in Kevin.[1] Counsel for Respondent-Father filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure.

Counsel filing a Rule 3.1(e) no-merit brief is required to "identify any issues in the record on appeal that arguably support the appeal and must state why those

---

[1] Pseudonym agreed upon by the parties.

issues lack merit or would not alter the ultimate result." N.C.R. App. P. 3.1(e) (2024). Respondent-Father's counsel has identified two issues for our independent review: (1) whether the trial court erred in concluding grounds existed to terminate Respondent-Father's parental rights under N.C. Gen. Stat. § 7B-1111(a), and (2) whether the trial court abused its discretion in concluding it was in the minor child's best interest to terminate Respondent-Father's parental rights.

This Court conducts an independent review of the issues raised in the no-merit brief. *In re L.E.M.*, 372 N.C. 396, 402, 831 S.E. 2d 341, 345 (2019) ("[T]he text of Rule 3.1([e]) plainly contemplates appellate review of the issues contained in a no-merit brief."). We have reviewed the issues raised in the no-merit brief and "are satisfied that the trial court's order terminating [Respondent-Father's] parental rights is supported by clear, cogent, and convincing evidence and is based on proper legal grounds." *In re K.M.S.*, 380 N.C. 56, 59, 867 S.E.2d 868, 870 (2022). Nor did the trial court abuse its discretion in terminating Respondent-Father's parental rights. Accordingly, for the foregoing reasons, we affirm the trial court's Order.

AFFIRMED.

Panel consisting of Judges STROUD, TYSON, and HAMPSON.

Report per Rule 30(e).