An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1067

Filed 1 April 2026

Guilford County, No. 24JT001491-400

IN THE MATTER OF:

T.L.-T.M.

Appeal by Respondent-Mother from order entered 5 August 2025 by Judge Brian K. Tomlin in Guilford County District Court. Heard in the Court of Appeals 10 March 2026.

> *Mercedes O. Chut for Petitioner-Appellee Guilford County Department of Health and Human Services.*
>
> *K&L Gates LLP, by Gabriel T. Scott, for Appellee Guardian ad Litem.*
>
> *Jack T. Brock, II, for Respondent-Appellant Mother.*

PER CURIAM.

Mother appeals from the trial court's order terminating her parental rights to her minor child, Tia.[1] The uncontested facts, as recited by Mother and supported by the record, are as follows:

> This case originated from Tia's medical needs at
> birth and the []Mother's attempt to remove Tia from the

---

[1] A pseudonym is used to protect the minor child's identity.

hospital against medical advice, presumably due to her poor mental health. []Mother delivered Tia in the hospital, where the newborn required continued medical monitoring for elevated bilirubin levels (jaundice) and for feeding difficulties, including an impaired sucking reflex that necessitated a feeding tube. During this period, []Mother attempted to remove the infant from the hospital contrary to medical advice. Hospital staff contacted the department, and DSS initiated involvement based on concerns arising from that incident including concerns regarding []Mother's erratic behavior and mental health. The juvenile's medical condition has improved.

The juvenile's jaundice resolved, her feeding normalized, and she began meeting developmental expectations. She does have a hearing deficit, for which she is receiving appropriate treatment and services.

As the case proceeded, []Mother continued to experience mental health instability. During one supervised visit at DSS, she struck a social worker. Throughout the life of the case, she also struggled with homelessness, periods of unemployment, incarceration, and difficulty understanding court proceedings.

Due to ongoing concerns about []Mother's ability to understand the court proceeding, the trial court appointed a Rule 17 guardian ad litem for []Mother in both the underlying juvenile action and the related termination matter.

Mother completed a psychiatric evaluation on September 22, 2022 at Mindful Innovations and was diagnosed with Major Depressive Disorder and Generalized Anxiety, with a history of self-harming thoughts, suicidal or homicidal ideations, and is prescribed Fluoxetine and Mirtazapine. []Mother was referred to substance abuse assessment but failed to complete the assessment. During []Mother's incarceration, she was further hospitalized at Central Regional Hospital from April 26, 2024 to November 14, 2024 due to behaviors

exhibited because of her mental health, but she failed to sign releases allowing the Department to obtain these records.

The social worker testified that []Mother had executed releases for her mental-health provider, Mindful Innovation[s], and that the agency possessed some of her treatment records but she failed to sign releases for Central Regional. The worker was unable to provide detailed information regarding []Mother's current mental-health diagnosis, or medication regimen. The social worker testified that []Mother was no longer participating in mental health treatment.

Testimony was inconsistent and reflected uncertainty regarding []Mother's understanding of her case-plan requirements and the extent to which she received assistance in completing them and whether she had the ability to complete the case plan. The testimony was inconsistent as on direct the Social Worker testified that she clarified different portions of the case plan, but on cross the Social Worker stated that she did not ask her about any other parts of her case plan other than the drug screens. However, testimony was consistent that []Mother was not participating in her mental health treatment and that she failed to provide an alternative childcare arrangement, and the trial court made find[ings] to that effect.

The trial court ultimately found grounds under N.C. Gen. Stat. § 7B-1111(a)(1), (2), and (6), and concluded that termination of []Mother's parental rights was in the juvenile's best interests. []Mother timely appeals.

(record citations omitted).

Counsel for Mother filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure.

Counsel filing a Rule 3.1(e) no-merit brief must "identify any issues in the record on appeal that arguably support the appeal and must state why those issues lack merit or would not alter the ultimate result." N.C. R. App. P. 3.1(e). Here, counsel fully complied with the requirements of Rule 3.1(e).

Mother's counsel identified three issues for our independent review: (1) "Was the trial court's conclusion that there was a likelihood of future neglect supported by clear, cogent, and convincing evidence." (2) "The trial court's ruling under § 7B-1111(a)(2) failed to make a finding regarding willfulness and therefore was not legally entered." (3) "Whether the evidence was sufficient to support the grounds under N.C. Gen. Stat. § 7B-1111(a)(6)."

This Court conducts an independent review of the issues raised in the no-merit brief. *See In re L.E.M.*, 372 N.C. 396, 402 (2019). Based on our review, we are satisfied that the trial court's order terminating Mother's parental rights "is supported by clear, cogent, and convincing evidence and is based on proper legal grounds." *In re K.M.S.*, 380 N.C. 56, 59 (2022). Accordingly, we affirm the trial court's order.

AFFIRMED.

Panel consisting of Chief Judge DILLON and Judges ZACHARY and COLLINS.

Report per Rule 30(e).